Charles E. **RENO**, Plaintiff,

v.

**INTERNATIONAL HARVESTER CO.**, Defendant.

No. C–3–85–296.

United States District Court, S.D. Ohio, W.D.

July 17, 1986.

---

Charles Reno, pro se.

R.J. Stidham, Akron, Ohio, Jacqueline A. Silas, Canton, Ohio, for plaintiff.

Nanci L. Danison, Thomas M. Taggart, Columbus, Ohio, for defendant.

DECISION AND ENTRY TREATING PLAINTIFF'S MOTION FOR RECONSIDERATION/REOPEN CASE AS A MOTION PURSUANT TO RULE 60(b) AND GRANTING SAID MOTION; JUDGMENT (SUMMARY JUDGMENT) ENTERED 1/27/86 ORDERED VACATED; CASE REACTIVATED; PLAINTIFF GRANTED SIXTY (60) DAYS TO FIND NEW COUNSEL AND TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #6); ORDER THAT PLAINTIFF'S COUNSEL OF RECORD SHOW CAUSE WHY THEY SHOULD NOT BE ASSESSED COSTS AND ATTORNEY FEES WITHIN TWENTY (20) DAYS OF RECEIPT OF THIS DECISION

RICE, District Judge.

This case is before the Court on Plaintiff's *pro se* Motion for Reconsideration/Reopen Case (Doc. #10), which requests that the Court vacate its grant of summary judgment and consequent judgment in favor of Defendant entered January 27, 1986. This Motion was filed February 27, 1986. The Court cannot consider this as a motion to alter or amend a judgment under Rule 59(e), since such motions must be made within ten days of judgment. Instead, the Court will treat Plaintiff's Motion as a motion for relief from judgment pursuant to Rule 60(b). For the reasons set forth below, said Motion is granted.

An outline of the history of this action up to the time of the entry of summary judgment is essential to consideration of this Rule 60(b) motion. This case is an employment discrimination action brought under Title VII and 42 U.S.C. § 1981. Plaintiff's Complaint was filed April 8, 1985. A preliminary pretrial conference was held May 29, 1985, in which at least one of Plaintiff's counsel participated. After that date, Plaintiff's counsel seemingly abandoned their client. Counsel never filed the Plaintiff's list of lay witnesses, which was due by September 30, 1985. Plaintiff's counsel failed to participate in the drafting of a final pretrial order in this case. Most importantly, counsel for Plaintiff failed to respond to Defendant's Motion for Summary Judgment (filed October 10, 1985), despite the fact that one of this Court's law clerks called Mr. R.J. Stidham, one of Plaintiff's attorneys, in early January, 1986, to remind him that a response to that motion was overdue. Mr. Stidham promised that an opposing memorandum would be filed quickly. As indicated, no such memorandum was filed. Judgment, as noted above, was entered for the Defendant on January 27, 1986, because on the state of the record, without any knowledge of Plaintiff's position, the motion was deemed well taken.

■ Upon review of this procedural history, the Court must conclude that the conduct of Plaintiff's attorneys can only be described as gross neglect and abandonment of their client. While such an abandonment of a client and his legal interests may serve as a basis for a complaint by Plaintiff to a local disciplinary committee of the bar against his counsel, the issue before the Court is whether such an abandonment, which ultimately prejudices a client by causing an unopposed motion for summary judgment to be sustained, may serve as grounds for a client's relief from judgment under Rule 60(b). Rule 60(b) on its face provides two possible bases for the relief Plaintiff seeks:

On motion and upon such terms as are just, the court may relieve a party or his legal representation from a final judgment, order or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect; ... or

.    .    .    .    .

(6) any other reason justifying relief from the operation of the judgment.

However, upon review of the cases construing subsection (1) of Rule 60(b), the Court finds that it cannot serve as a basis for the relief Plaintiff seeks. Rule 60(b)(1) allows for relief from judgment based upon the excusable neglect of counsel. Failure to respond to a motion for summary judgment is considered carelessness, and thus *in* excusable neglect. *See Williams v. Five Platters, Inc.,* 510 F.2d 963 (C.C.P.A. 1975); *Sears, Sucsy & Co. v. Insurance Company of North America,* 392 F.Supp. 398 (N.D.Ill.1975); *cf. International Corporate Enterprises, Inc. v. Toshoku, Ltd.,* 71 F.R.D. 215 (N.D.Tex.1976) (failure to file an answer to complaint gross carelessness, not excusable neglect). Plainly, in the present action, Plaintiff's counsels' abandonment of their clients is not merely "a technical error or a slight mistake" for which Rule 60(b)(1) is intended to provide relief. *In re Salem Mortgage Company,* 791 F.2d 456, 459 (6th Cir.1986) (quoting *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir.1980)).

On the other hand, the Court finds relief is available to the Plaintiff through Rule 60(b)(6). The Court notes the Sixth Circuit's analysis of Rule 60(b)(6) in *Pierce v. United Mine Workers of America Welfare and Retirement Fund,* 770 F.2d 449, 451 (6th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986):

Courts have stressed, however, that 60(b)(6) should be used only in exceptional or extraordinary circumstances ..., and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b).

(citations omitted). *See also In re Salem Mortgage Company,* at 459 ("Because [Plaintiff's] claim of inadvertence or mistake is covered under Rule 60(b)(1), it is therefore not cognizable under Rule 60(b)(6)."). In the present case, Plaintiff is claiming neither inadvertence nor mistake by his counsel. Rather, Plaintiff alleges conduct by his own attorneys constituting gross neglect and abandonment of his legal rights.[1] Upon review of these facts, the Court finds that gross neglect and abandonment by counsel is qualitatively different than mere inadvertence or mistake, and thus that relief under Rule 60(b)(6) is available for such misconduct.

In reaching the conclusion that gross neglect and abandonment of a client by counsel may serve as a basis for relief from judgment under Rule 60(b)(6), the Court specifically adopts the reasoning of the Third Circuit set forth in *Boughner v. Secretary of H.E.W.,* 572 F.2d 976, 978–79 (3rd Cir.1978). In that action, an attorney representing six black lung benefit claimants failed to oppose motions for summary judgment against his clients. In reversing the district court and granting relief from judgment under Rule 60(b)(6), the Third Circuit first noted that in cases of gross neglect and abandonment by counsel, "appellants are not bound by the acts of their attorney for purposes of the rule." *Id.* at 978 (citing *Lucas v. Juneau,* 20 F.R.D. 407 (D.Alaska 1957)); *see also Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (specifically leaving open the question of whether an attorney's conduct binds a client under Rule 60(b)). The Third Circuit then went on to find that gross neglect and abandonment by an attorney met the requirements for relief under Rule 60(b)(6):

In reaching our decision that the circumstances here are sufficiently exceptional and extraordinary so as to mandate relief

---

1. It should be noted that Plaintiff indicates that he received assurance that his lawsuit was proceeding properly. *See* Doc. # 10 at ¶ 11.

pursuant to Rule 60(b)(6), we are not unmindful of the need for judicial eagerness to expedite cases, to fully utilize the court's time, to reduce overcrowded calendars and to establish finality of judgments. However, these commendable aspirations should never be used to thwart the objectives of the blind goddess.

... [T]he entry of summary judgment precluded an adjudication of the merits of the appellants' claims for benefits, thus constituting the "extreme and unexpected hardship" addressed by the Supreme Court in [*United States v.*] *Swift* [286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932)].

To permit these judgments to stand, in light of [Plaintiffs' counsel's] conduct and the absence of neglect by the parties would be unjust. A motion under Rule 60(b)(6) should be granted when "appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384 [390–91], 93 L.Ed. 266 (1949); *see also Steuart v. Matthews,* 117 U.S. App.D.C. 279, 329 F.2d 234 (1964).

*Id.* at 978–79 (footnote omitted); *cf. Jackson v. Beech,* 636 F.2d 831 (D.C.Cir.1980) (allowing Rule 60(b)(6) relief from a default judgment); *but see Sutherland v. ITT Continental Baking Co., Inc.,* 710 F.2d 473 (8th Cir.1983) (Rule 60(b)(6) does not provide relief from an attorney's incompetence or carelessness).

The case now before the Court is virtually identical in its facts to *Boughner,* except that in this case Plaintiff's counsel had so completely abandoned their client that they failed to respond to the Motion for Summary Judgment even after one of this Court's law clerks had called Mr. Stidham and even after Mr. Stidham promised to respond.[2] The Court, therefore, concludes that justice requires that the judgment against Plaintiff herein be vacated. It would be unjust—manifestly so—for the Plaintiff to lose his day in Court because his attorneys have—through no fault of his own—abandoned him. In so concluding, the Court notes that the importance of the finality of judgments is minimally infringed in this case, since Plaintiff's Motion for Reconsideration/Reopen Case was filed within a month of the entry of judgment. Furthermore, the Court notes that the prejudice to Defendant in reopening this case is slight. Defendant has not alleged that any witness or evidence has become unavailable or that the Defendant's position has been otherwise prejudiced because of the delay in this case caused by the failure of Plaintiff's counsel to oppose the Motion for Summary Judgment.

The only prejudice that Defendant suffers in having Plaintiff's Motion for Reconsideration/Reopen Case granted is the cost of having had to oppose this Motion. If Plaintiff's counsel had not neglected their duties in failing to respond to the Motion for Summary Judgment, Defendant would not have been placed in the position of having had to oppose the Motion for Reconsideration/Reopen Case. This prejudice, however, can be eliminated by the Court assessing the cost (including attorney fees) of the Defendant's defending the Motion for Reconsideration/Reopen Case *against Plaintiff's counsel personally.*

The power to levy costs and attorney fees against counsel who abuse the judicial process is inherent in the authority of the courts:

The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes. See Renfrew, Discovery Sanctions: A Judicial Perspective, 67 Calif.L.Rev. 264, 268 (1979). Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record. But in a

**2.** In light of Mr. Stidham's promise that he would respond to Defendant's Motion for Summary Judgment, counsel's conduct, in addition to seriously breaching the duty of diligence owed their client, is, to put it mildly, more than slightly disrespectful to the Court.

proper case, such sanctions are within a court's powers.

*Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766–67, 100 S.Ct. 2455, 2464–65, 65 L.Ed.2d 488 (1980) (footnotes omitted). In *Schwarz v. United States,* 384 F.2d 833, 836 (2nd Cir.1967), the Second Circuit suggested that "the court keep in mind the possibility, in future cases of inexcusable neglect by counsel, of imposing substantial costs and attorney fees payable by offending counsel personally to the opposing party...." *Accord Moran v. Rynar,* 39 App. Div.2d 718, 719, 332 N.Y.S.2d 138, 141 (1972) ("we have held that an attorney's neglect or inadvertent error should not deprive his client of his day in court; and that it is proper to save the action for the client, while imposing upon the attorney, personally, a penalty for his neglect" (citations omitted)). Thus, the Court will require Plaintiff's counsel of record to show cause why the costs and attorney fees of Defendant in opposing the Motion for Reconsideration/Reopen Case should not be assessed against them under the Court's inherent power to assess costs and attorney fees. If the Court finds Plaintiff's counsel have failed to show that such costs and fees should not be assessed, a briefing schedule will be set to determine the amounts to be awarded. In this way, the Court believes any prejudice to Defendant caused by vacating the judgment in its favor will be eliminated.

In sum, the Court finds that the conduct of Plaintiff's counsel's in this litigation amounts to gross neglect and abandonment of their client's interests, and that such conduct constitutes exceptional and extraordinary circumstances sufficient to justify relief under Rule 60(b)(6). The Court further finds that neither the interest in finality of judgments nor the prejudice to Defendant (which, having heard nothing to the contrary, the Court assumes is nonexistent) outweigh the hardship that would be put upon Plaintiff were he not allowed to present the merits of his case. Accordingly, Plaintiff's Motion for Reconsideration/Reopen Case (Doc. # 10), treated as a motion brought under Rule 60(b)(6), is granted. The judgment for Defendant entered January 27, 1986 is hereby ordered vacated. This case is reactivated upon the Court's docket records. Plaintiff is granted sixty (60) days from the filing of this Decision to find new counsel and/or to file a memorandum opposing Defendant's Motion for Summary Judgment (Doc. # 6).[3]

The Court further orders Plaintiff's counsel of record (R.J. Stidham and Jacqueline A. Silas) to file a memorandum or memoranda with the Court, within twenty (20) days of receipt of this decision, showing cause why they should not be assessed the Defendant's costs and attorney fees expended in opposing Plaintiff's Motion for Reconsideration/Reopen Case. If upon receipt of this memorandum or these memoranda [4], the Court finds that costs and attorney fees should be assessed, a briefing schedule will be set for the purpose of determining the amount of such an award.

---

**3.** If Plaintiff does not secure new counsel, he is welcome, within the sixty (60) day period referred to above, to file his own memorandum contra the Defendant's Motion for Summary Judgment. Should such a memorandum contra not be filed, the Court will file a decision and entry affirming its earlier decision granting, upon its merits, the Defendant's Motion for Summary Judgment.

**4.** Neither Plaintiff *individually* nor Defendant's counsel need brief the issue of whether Plaintiff's counsel should be assessed costs and attorney's fees. If, following the receipt of the memorandum/memoranda of Plaintiff's *counsel,* the Court decides to assess costs and attorney's fees, the Court will establish a briefing schedule in which Defendant's counsel will participate as well.