IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

THE TERMINIX INTERNATIONAL
COMPANY, L.P.,

    Plaintiff-Appellant,

                                 Shelby Chancery No. 106626-1
Vs.                             C. A. No. 02A01-9701-CH-00028

**FILED**

**STEPHAN TAPLEY and**
**DENFORD TAPLEY,**

    Defendant-Appellees.         **August 4, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**
FROM THE SHELBY COUNTY CHANCERY COURT
THE HONORABLE NEAL SMALL, CHANCELLOR

David M. Rudolph; Martin, Tate, Morrow & Marston of Memphis
For Appellant

*AFFIRMED*

Opinion filed:

                         **W. FRANK CRAWFORD,**
                         **PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**ALAN E. HIGHERS, JUDGE (Not participating)**

      This appeal arises out of an action brought by a company to enforce covenants not to

compete against two former employees. Plaintiff, The Terminix International Company, L.P.

(Terminix), appeals from the order of the trial court setting aside the default judgment against

the defendants, Stephan Tapley and Denford Tapley (the Tapleys), dismissing the action for lack

of venue, and dismissing the petitions to hold the Tapleys in contempt for violating a permanent injunction.

Terminix is a limited partnership in the business of providing pest control and extermination services, and its principal place of business is located in Memphis, Tennessee. Stephan Tapley and Denford Tapley worked as at-will service technicians for Red Wing Pest Control (Red Wing). In October 1990, Terminix purchased Red Wing, and the Tapleys became employees at Terminix's Chattanooga, Tennessee office. On November 19, 1990, Stephan Tapley and Denford Tapley each signed employment agreements with covenants not to compete in return for their continued employment with Terminix. On March 22, 1995, Stephen Tapley voluntarily terminated his employment with Terminix. Three days later, on March 25, 1995, Danford Tapley voluntarily terminated his employment with Terminix. On April 1, 1995, the Tapleys began doing business as "King's Pest Control" in Chattanooga in direct competition with Terminix.

On November 21, 1995, Terminix filed a verified complaint in the Chancery Court of Shelby County, Tennessee against the Tapleys on the grounds of breach of contract and tortious interference with business relations. The complaint seeks, *inter alia*, temporary and permanent injunctive relief to enforce the covenant not to compete in the Tapleys' employment agreements. Also on November 21, 1995, the court issued a temporary restraining order essentially prohibiting the Tapleys from violating their employment agreements. The court also granted expedited discovery to all parties. A hearing on the temporary injunction was scheduled for December 7, 1995. A private process server served the Tapleys with the complaint at their place of business on November 25, 1995. The Tapleys' depositions were noticed and scheduled to take place on November 30, 1995 at Terminix's Chattanooga office.

The Tapleys did not appear for their depositions and did not file an objection or motion for protective order prior to the depositions. In addition, their attorney did not notify Terminix that they would not appear at the scheduled times. On December 5, 1995, Terminix filed a motion for sanctions against the Tapleys pursuant to Tenn. R. Civ. P. 37. The trial court granted the motion for reasonable expenses and attorneys' fees in the amount of $2,182.62.

On December 7, 1995, the trial court entered an order granting a temporary injunction prohibiting the Tapleys from (1) soliciting or servicing any Terminix customers or former customers in violation of their employment agreements; (2) competing with Terminix in the

2

territorial area prohibited by the employment agreements; and (3) otherwise taking any action in violation of the employment agreements. The Tapleys did not appear at the temporary injunction hearing.

The Tapleys did not file an answer to the complaint within thirty days after its service. On January 9, 1996, Terminix filed a motion for default judgment against the Tapleys pursuant to Tenn. R. Civ. P. 55 based on the their failure to file an answer or otherwise defend against the complaint. Terminix also requested, *inter alia*, that the court issue a permanent injunction prohibiting the Tapleys from violating their employment agreements for an eighteen-month period commencing from the date of the court's order. Terminix gave the Tapleys and their attorney separate notice of the hearing by mail. On January 19, 1996, the trial court granted Terminix's motion for default judgment and issued a permanent injunction enjoining the Tapleys from the following:

> (a) soliciting or servicing Terminix customers or former customers within a one hundred (100) mile area in any county, or counties, and in whatever state or states that are serviced by the Chattanooga office of Terminix for an eighteen (18) month period commencing from the date of the Court's judgment order; (b) competing with Terminix within a one hundred (100) mile area in any county, or counties, and in whatever state or states that are serviced by the Chattanooga office of Terminix for an eighteen (18) month period commencing from the date of the Court's judgment order; and (c) otherwise violating their Employment Agreements dated November 19, 1990 with Terminix for an eighteen (18) month period commencing from the date of the Court's judgment order.

On that same day, Terminix mailed the Tapleys and their attorney a copy of the court's order.

After the default judgment had been entered, counsel for Terminix received by mail the Tapleys' answer to the complaint, which was postmarked January 17, 1996. The trial judge received a copy of the answer in the mail on January 22, 1996, however, this answer was not

filed with the court. The record indicates that, on the advice of their attorney, the Tapleys disobeyed the injunction and continued to do business in competition with Terminix. Terminix became aware that Stephan Tapley was violating the injunction and, on May 6, 1996, filed a petition to hold him in contempt of court. Terminix later received information that Denford Tapley was violating the injunction and, on May 24, 1996, filed a separate petition to hold him in contempt of court as well. Terminix served both contempt petitions on the Tapleys and their attorney, and the trial court set a contempt hearing for June 7, 1996. On June 1, 1996, the Tapleys discovered that their attorney had been suspended from the practice of law by the Tennessee Supreme Court. They sought new representation, and on June 7, 1996, Marcus Nahon, an attorney in Memphis, specially appeared on their behalf at the contempt hearing. At Nahon's request, the court continued the contempt hearing until June 24, 1996.

The Tapleys then filed a motion to declare the default judgment void, a motion objecting to the improper venue, and a motion to set aside the default judgment on the grounds that reasons existed justifying relief from the default judgment, that the default judgment was void, and that the default judgment would not have been entered but for the excusable neglect of the Tapleys in relying on the promises of their former counsel. In support of the latter motion, the Tapleys submitted affidavits stating that they spoke with their former attorney on a weekly basis during the time he represented them, and he repeatedly assured them that he was adequately defending their position and that it was perfectly legal to continue doing business as King's Pest Control. The Tapleys further stated that their former attorney told them that he had talked to the judge in Shelby County, that he had filed an answer in their case, and that the default judgment had no effect.

On June 24, 1996, the trial court entered a consent order temporarily modifying the injunction to allow the Tapleys to operate their business. After several hearings, the trial court entered an order on August 7, 1996 setting aside the default judgment, dismissing the action based on a lack of venue, and dismissing the petitions requesting that the Tapleys be held in contempt.

Terminix appeals the ruling of the trial court, and presents three issues for our review: 1) whether the defendants waived the issue of venue; 2) whether the trial court abused its discretion in setting aside a default judgment pursuant to Tenn. R. Civ. P. 60.02(5) based on the inexcusable neglect of defendants' counsel when the defendants were in admitted contempt of

4

that same default judgment; and 3) whether the trial court abused its discretion in dismissing Terminix's petitions for contempt against the defendants.

On January 14, 1997, the Tapleys' new counsel moved for permission to withdraw as counsel of record based on the Tapleys' failure to communicate with him concerning their case. The trial court granted this motion on January 27, 1996, and the Tapleys have not presented a brief in support of their position in this appeal.

We first address whether the trial court erred in setting aside the default judgment against the Tapleys. Under Tenn. R. Civ. P. 55.02, the trial court may set aside a default judgment for good cause shown in accordance with Tenn. R. Civ. P. 60.02. Tenn. R. Civ. 60.02 provides as follows:

> **60.02. Mistakes — Inadvertence — Excusable Neglect — Fraud, etc. —** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02. To obtain relief from a default judgment, the party must satisfy the court that the party is entitled to relief based on one of the grounds in Tenn. R. Civ. P. 60.02 and, unless the default judgment is void, that it has a meritorious defense to the plaintiff's suit. *See Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984); *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. App. 1991). A motion to set aside a default judgment addresses itself to the trial court's discretion, and the trial court's decision will not be overturned except for an abuse of discretion. *Nelson*, 826 S.W.2d at 485 (citations omitted). Trial courts should grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside. *Id.* at 485-86 (citations omitted).

The Tapleys filed a motion to set aside the default judgment under Tenn. R. Civ. P. 60.02 asserting that reasons existed justifying relief from the operation of the judgment, that the default judgment was void, and that the default judgment would not have been entered but for the excusable neglect of the Tapleys in relying on the promises of their previously retained counsel.

5

Terminix contends that the trial court set aside the default judgment based on Tenn. R. Civ. P. 60.02(5), however, from our review of the transcript, we believe that the trial court set aside the default judgment pursuant to Rule 60.02(1) based on the Tapleys' excusable neglect in relying on their first attorney who had been suspended from the practice of law and did not inform them of his suspension. As a general rule, Tennessee courts have held that an attorney's negligence is not excusable neglect and that such negligence will be imputed to the client, with the client's only recourse being a malpractice action against the attorney. *See, e.g., Barber & McMurry, Inc. v. Top-Flite Dev. Corp.*, 720 S.W.2d 469, 471 (Tenn. App. 1986) (holding that an attorney's preoccupation with other business is not grounds for relief from a default judgment); *Munday v. Brown*, 617 S.W.2d 897, 900 (Tenn. App. 1981) (holding that a defendant is not entitled to relief from default judgment because notice to an attorney of filing of motions and orders is constructive notice to the client, even when the client did not have actual notice).

Although there are no state court cases in Tennessee specifically addressing a situation such as the one in the present case, there are cases from other jurisdictions holding that an attorney's gross negligence will not be imputed to the client, and may be considered excusable neglect entitling a party to relief from a judgment, when the attorney has been suspended from the practice of law and failed to inform the client of the suspension. *See, e.g.*, *Valley Bank of Frederick v. Rowe*, 851 P.2d 267, 269 (Colo. App. 1993) (holding that good cause existed to set aside summary judgment because of attorney's gross negligence where attorney did not inform client of attorney's suspension from practice of law); *Reno v. International Harvester Co.*, 115 F.R.D. 6, 8 (S.D. Ohio 1986) (holding that parties are not bound by the acts of their attorneys in cases of gross neglect and abandonment).

In this case, the Tapleys diligently contacted their previously retained attorney regarding their case. Their attorney specifically assured them that he was adequately defending their cause. He further assured them that he had filed an answer and had even spoken with the judge in Shelby County.[1] Moreover, he failed to inform the Tapleys that he had been suspended from the practice of law. This fraud committed upon the Tapleys by their former attorney constitutes gross neglect and distinguishes this case from those cases in which an attorney is merely

_____

[1] Although *ex parte* communications are improper, *see* Tenn. R. Sup. Ct. 10, Canon 3A (4); Tenn. R. Sup. Ct. 8, The Code of Professional Responsibility, DR 7-110, the clients were probably not aware of this fact.

6

negligent in handling a client's case. Additionally, the Tapleys asserted meritorious defenses to Terminix's claim for breach of contract, including a lack of consideration. Therefore, the trial court did not abuse its discretion in setting aside the default judgment.

After setting aside the default judgment, the trial court dismissed the action based on a lack of venue. Terminix contends that the Tapleys waived the issue of venue by allowing a default judgment to be entered against them. Venue is either local or transitory, depending on the subject matter of the cause of action. *State v. Graper*, 155 Tenn. 565, 569, 4 S.W.2d 955 (1927). As a general rule, venue is a personal privilege of the defendant and is waived if the defendant does not timely object. *See* Tenn. R. Civ. P. 12.08; *Metropolitan Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876 (Tenn. App. 1982). In local actions or in transitory actions that have been localized by statute, however, a court does not have subject matter jurisdiction over an action that is brought in the wrong venue. *Curtis v. Garrison*, 211 Tenn. 339, 364 S.W.2d 933 (1963).

In this case, Terminix's action is couched in terms of both contract and tort. A cause of action for breach of contract or a tort is a transitory cause of action. *Five Star Exp., Inc. v. Davis*, 866 S.W.2d 944, 945 (Tenn. 1993). The venue for transitory causes of action is provided for in T.C.A. § 20-4-101:

> **20-4-101. Transitory actions.** — (a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.
>
> (b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.
>
> (c) Where the action is brought either in the county where the cause of action arose or in the county where the defendant resides, process may be sent to another county as in local action, and it shall not be necessary nor required that the defendant be in the county of action either when the action is commenced, or during the time between the commencement of the action and service of process.

T.C.A. § 20-4-101 (1994). The purpose of T.C.A. § 20-4-101 was to localize transitory actions to the extent that the plaintiff and defendant live in the same county. *Haynes v. Woods*, 151 Tenn. 163, 167, 268 S.W. 632 (1924).

The record in this case indicates that the Tapleys entered into their contracts with Terminix in Hamilton County, Tennessee, that one of the defendants resides in Hamilton County

7

while the other resides in Georgia, and that the alleged breach of the contracts occurred in Hamilton County. Consequently, Hamilton County, not Shelby County, was the proper venue in which to bring this lawsuit. T.C.A. § 20-4-101(a).

Once a default judgment is set aside, a court may properly consider the defenses raised by the parties in their motions or pleadings. Although venue is generally a personal privilege and may be waived, the Tapleys filed a motion objecting to the improper venue once they became aware of the entry of default. In so doing, they preserved their objection to venue. The cases cited by Terminix on this issue are not controlling, and Terminix's contention that the Tapleys waived this objection is without merit. The trial court properly dismissed the action based on improper venue.

Terminix next contends that the trial court improperly dismissed its petitions to hold the Tapleys in contempt. In light of our conclusion that the trial court properly dismissed the action based on improper venue, the trial court also properly dismissed Terminix's petitions to hold the Tapleys in contempt.

Accordingly, the trial court is affirmed in all respects. Costs are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**


**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**


**ALAN E. HIGHERS, JUDGE** (Not participating)

8