**James R. NELSON and wife, Joan Nelson, Plaintiffs/Appellees,**

v.

**Joseph M. SIMPSON, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 27, 1991.

Application for Permission to Appeal Denied by Supreme Court March 16, 1992.

Barbara J. Perutelli, Schulman, LeRoy & Bennett, Nashville, for defendant/appellant.

Ben Boston and William E. Boston, Boston, Bates & Holt, Lawrenceburg, for plaintiffs/appellees.

## OPINION

KOCH, Judge.

This appeal involves a default judgment in a case stemming from an automobile accident in Lawrenceburg. The Circuit Court for Lawrence County granted the default judgment before the defendant received notice of the plaintiffs' motion and later denied the defendant's motion to set the default aside. The defendant has appealed, asserting that it was entitled to relief from the default judgment. We agree and, therefore, vacate the default judgment and remand the case for further proceedings.

I.

Joseph M. Simpson drove his car into the rear of a car driven by James R. Nelson on May 5, 1988. Mr. Nelson and his wife retained the Lawrenceburg firm of Boston, Bates, Holt & Sands. Shortly after the accident, a representative of the firm contacted Mr. Simpson and his insurance carrier, General Accident Insurance Company ("General Accident"), to negotiate a settlement.

On April 28, 1989, the Nelsons' attorney sent General Accident a letter stating:

Enclosed you will find a copy of the complaint which I filed today in the captioned matter. As we discussed, this complaint is merely being filed to toll any applicable statute of limitations, and we will continue to negotiate with you. Please let this letter serve as notice that we will not move for a default judgment against your insured prior to giving you 30 days written notice so that you can hire an attorney and prepare an answer. I look forward to working with you.

The complaint was actually filed in the Circuit Court for Lawrence County on May 1, 1989. It sought $125,000 in damages.

The parties continued to negotiate for the next ten months but were unable to settle the case, apparently because of their disagreement concerning the extent of Mr. Nelson's injuries.[1] On March 6, 1990, the Nelsons' attorney sent another letter to Tom Finch, an employee of General Accident, stating:

Since we are currently so far apart on reaching an amicable settlement in this matter, please go ahead and turn this matter over to an attorney so that an answer can be prepared and filed. However, if you would like for us to continue to negotiate with you, please let me know, but in the meantime I will expect for you to turn this over to your attorney so that we can begin discovery and dispose of this matter in the event you and I are unable to reach a settlement.

1. The collision aggravated Mr. Nelson's pre-existing back condition. Mr. Nelson's physician had given him a 25% impairment rating, but General Accident's physician had rated Mr. Nelson's impairment at 10%.

After receiving the letter, Mr. Finch noted in his records that he had referred the case to one of General Accident's attorneys. However, Mr. Finch never actually referred the file to outside counsel.

On April 23, 1990, the Nelsons' attorney prepared and filed a motion for default judgment containing a certificate of service stating that he had mailed a copy of the motion to Mr. Simpson at his home on April 23, 1990. The record contains no indication that General Accident was given notice of any sort that the motion for default had been filed.

The Nelsons' attorney presented the motion to the trial court on the same day he filed it. Notwithstanding the clear indication that neither Mr. Simpson nor anyone acting on his behalf had received notice, the trial court agreed to entertain the motion and to hear proof on the merits of the Nelsons' claims. Following the hearing, the trial court not only granted the default judgment but also awarded the Nelsons $75,000. The orders embodying the trial court's decisions were prepared, signed, and filed on April 23, 1990.

Mr. Finch received word on April 24, 1990 that the Nelsons had obtained a default judgment. He also discovered his earlier oversight in referring the case to an attorney and immediately referred the file to a Nashville law firm. On April 27, 1990, the Nashville firm filed a properly supported Tenn.R.Civ.P. 55.02 motion seeking to set the default judgment aside. The firm also filed an answer on Mr. Simpson's behalf denying Mr. Simpson's negligence and asserting the affirmative defenses of unavoidable accident and contributory negligence.

The trial court conducted a hearing on May 17, 1990. Mr. Finch testified that General Accident had concluded that Mr. Simpson was responsible for the accident and that the company had been negotiating with the Nelsons as if liability was not an issue. Mr. Finch explained, however, that there was an issue with regard to damages because its physician had given Mr. Nelson a lower impairment rating than Mr. Nelson's physician. Mr. Finch also testified that he was surprised by the default judgment for two reasons: first, he thought he had referred the file to counsel and second, he thought the plaintiff had promised to give thirty days notice before seeking a default judgment.

The trial court took the case under advisement, noting that it "blame[d] a lot of this on computers." On June 19, 1990, the trial court entered an order declining to set the default judgment aside based on its finding that "[t]here was absolutely no misconduct on the part of the plaintiff in the prosecution of this suit to final judgment. Every opportunity was afforded defendant's agents."

## II.

■ The party seeking to set aside a default judgment has the burden of demonstrating that it is entitled to relief. *Walker v. Baker,* 738 S.W.2d 194, 196 (Tenn.Ct. App.1987); *Tennessee State Bank v. Lay,* 609 S.W.2d 525, 527 (Tenn.Ct.App.1980). In order to obtain relief, the party must satisfy the court that it is entitled to relief based on one of the grounds in Tenn. R.Civ.P. 60.02 and that it has a meritorious defense to the plaintiff's suit. Tenn. R.Civ.P. 55.02; *Patterson v. Rockwell Int'l,* 665 S.W.2d 96, 100 (Tenn.1984); *Turner v. Turner,* 739 S.W.2d 779, 780 (Tenn.Ct.App.1986).

■ The courts should construe Tenn. R.Civ.P. 60.02's requirements liberally when a party is seeking relief from a default judgment. They should also examine the moving party's proof to determine whether the default was willful and to assess the extent to which the defaulting party's conduct has prejudiced the non-defaulting party. *Tennessee Dep't of Human Servs. v. Barbee,* 689 S.W.2d 863, 866 (Tenn.1985).

■ Like other Tenn.R.Civ.P. 60.02 motions, a motion to set aside a default judgment is addressed to the trial court's discretion. *Moore v. Palmer,* 675 S.W.2d 192, 194 (Tenn.Ct.App.1984); *Henson v. Diehl Machines, Inc.,* 674 S.W.2d 307, 310 (Tenn.Ct.App.1984). Trial courts should

grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside. *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn.Ct.App.1973). They should also grant relief when the plaintiff has failed to comply with required procedural safeguards. *See Deutz–Allis Credit Corp. v. Smith*, 117 Idaho 118, 120, 785 P.2d 682, 684 (Idaho Ct.App.1990).

The trial court appears to have based its denial of Mr. Simpson's motion to set aside the default judgment on three grounds: (1) that General Accident's failure to refer the case to counsel was due to its mistaken reliance on its computer, (2) that the Nelsons engaged in no "misconduct" in the prosecution of their suit, and (3) that over two years had elapsed since the automobile accident. The record contains no indication that the trial court considered whether Mr. Simpson had demonstrated any of the grounds for relief enumerated in Tenn.R.Civ.P. 60.02, whether General Accident's conduct was willful, or the extent of prejudice to the Nelsons caused by Mr. Simpson's failure to file an answer within thirty days after the Nelsons' attorney's March 6, 1990 letter.

■ We find that Mr. Simpson has demonstrated that he is entitled to relief from the default judgment. He took quick action to correct General Accident's oversight. He has also made out grounds for relief under Tenn.R.Civ.P. 60.02(1) and has come forward with a colorable defense to the amount of damages sought by the Nelsons. Accordingly, we find that the trial court erred by declining to set aside the default judgment.

Mr. Simpson's failure to file an answer was due to his insurance company's mistaken belief that it had referred his file to an attorney for handling. There was no willful conduct on his part or on the part of any employee of his insurance company. The company's records simply reflected that the matter had been turned over to an attorney when, in fact, it had not.

The April, 1990 motion for a default judgment was also a surprise for the purposes of Tenn.R.Civ.P. 60.02(1) because the Nelsons' attorney had not given General Accident the thirty-days written notice he had promised to give in his April 28, 1989 letter. Contrary to the Nelsons' assertions, we do not view their attorney's March 6, 1990 letter as providing the agreed upon notice because it offers to continue negotiations and does not state or infer that the Nelsons would seek a default judgment if Mr. Simpson's answer was not filed within thirty days.

Even though General Accident, for its own internal purposes, had determined that Mr. Simpson was responsible for the accident, there is sufficient proof in the record that Mr. Simpson has a defense to the Nelsons' prayer for $125,000 in damages. The parties' medical experts disagreed concerning the extent of Mr. Nelson's impairment. The extent of Mr. Nelson's injuries is a material issue for trial, and Mr. Simpson has admissible evidence to join issue on the Nelsons' claim. The extent of Mr. Nelson's injuries is open to question since even the trial court, after hearing Mr. Nelson's testimony, only awarded him $75,000.

The fact that two years had elapsed since the accident does not provide a basis for declining to set aside the default judgment. The delay from May 5, 1988 until March 6, 1990 is attributable to both Mr. Simpson and the Nelsons themselves. During this time, the parties were negotiating a settlement and engaging in discovery.

■ The Nelsons have not demonstrated that Mr. Simpson's failure to file an answer within thirty days after the March, 1990 letter has resulted in the loss of evidence or has increased the difficulty of discovery. The mere passage of time is not the sort of prejudice that supports declining to set a default judgment aside. *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir.1990); *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2699 (2d ed. 1983).

■ A motion to set aside a default judgment prompts a consideration of the equities between the parties. *See Patterson v.*

*Rockwell Int'l*, 665 S.W.2d at 100. The trial court heard and granted the Nelsons' motion for default judgment before either Mr. Simpson or General Accident knew it had been filed. Thus, the peremptory nature of the default judgment in this case requires some comment.

The Nelsons were not required to comply with Tenn.R.Civ.P. 55.01's notice requirements since Mr. Simpson had not made an appearance when their motion for default judgment was filed. However, Rule 5.04 of the trial court's local rules required that all pleadings and motions be served on parties without counsel of record and further required that moving parties inform the trial court in advance if their adversary was not represented by counsel. The record contains no indication that the Nelsons complied with this local rule.

The Nelsons' attorney does not insist that he complied with Rule 5.04 but argues instead that Rule 1.03 permits the trial court to suspend any of its local rules when "justice requires it." Our judicial system favors the just, speedy, and inexpensive determination of every suit on its merits.

*See* Tenn.R.Civ.P. 1; *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d at 267. Notice to parties not represented by counsel that a motion for default judgment is pending is entirely consistent with the rules and with traditional notions of fair play. Accordingly, we decline to find that justice would have required suspending the trial court's local Rule 5.04 under the facts of this case.

### III.

We vacate the default judgment entered in the trial court and remand the case for a trial on the merits. We also tax the costs of this appeal, jointly and severally, to James R. Nelson and Joan Nelson for which execution, if necessary, may issue.

LEWIS and CANTRELL, JJ., concur.