# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 4, 2000 Session

## LAVONDA KAY CABLE v. LOWE'S OF JOHNSON CITY, INC.

**Appeal from the Circuit Court for Washington County**
**No. 19849     G. Richard Johnson, Chancellor**

### FILED MARCH 15, 2001

### No. E2000-01075-COA-R3-CV

---

Lowe's of Johnson City, Inc., filed a Rule 60 motion seeking to set aside a default judgment rendered against it on the grounds of mistake, inadvertence or excusable neglect. The Trial Court overruled the motion and Lowe's appeals. We affirm.

**Tenn.R.App.P.  3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

John B. Curtis, Jr., Chattanooga, Tennessee, for the Appellant, Lowe's of Johnson City, Inc.

M. Stanley Givens, Johnson City, Tennessee, for the Appellee, Lavonda Kay Cable

### OPINION

Lowe's of Johnson City, Inc., appeals an order of the Trial Court overruling its motion seeking to set aside a default judgment in favor of Lavonda Kay Cable, wherein, after an evidentiary hearing as to her damages, she was ultimately awarded a judgment of $50,000, the amount of the addendum clause in her complaint for injuries received in a fall on Lowe's premises. Alternatively, Lowe's moves that the complaint be dismissed for lack of jurisdiction over Lowe's because of a misnomer in the complaint.

The Trial Court overruled the motion, resulting in this appeal, wherein the Defendant raised the following three issues:

1.    Is there good cause to set aside the default judgment based on "mistake, inadvertence...or excusable neglect"?

2.   Is there good cause to set aside the default judgment because "the judgment is void"?

3.   Is the award to plaintiff of her ad damnum in the amount of $50,000.00 supported by the preponderance of the evidence?

We list in chronological order events pertinent to the disposition of this appeal:

1. <u>May 28, 1998</u>. Complaint filed against "Lowe's of Johnson City, Inc."

2. <u>June 1, 1999</u>. Summons and complaint were served upon David Cliett, an assistant manager, who placed "the summons and complaint in the mail box of either the store manager or the personal coordinator for further handling."

3. <u>July 15, 1999</u>. Motion for default judgment with certificate of service by mail to the following address:

Lowe's of Johnson City, Inc.
2805 N. Roan Street
Johnson City, Tennessee

4. <u>July 22, 1999</u>. Amended notice of hearing for September 8, 1999, with certificate of service with the name and address heretofore stated.

5. <u>September 9, 1999</u>. Default judgment entered and proof received as to damages suffered by Ms. Cable. Judgment entered in the amount of $50,000. The default judgment contained the certificate of service to the address heretofore stated.

6. <u>October 15, 1999</u>. Execution issued as to bank account of Lowe's.

Because the judgment was a final one the only viable avenue of relief is under Rule 60.02 of the Tenn.R.Civ.P., which provides as pertinent to this appeal the following:

> **Rule 60.02. Mistakes – Inadvertence – Excusable Neglect – Fraud, etc.**
> **--** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, . . . or excusable neglect.

Lowe's is unable to explain how the summons and complaint, which were admittedly served upon its Assistant Manager, became misplaced. Additionally, it contends that the two notices relative to motion for a default judgment and the final judgment were never received.

The only explanation for their not being received is that the zip code for Lowe's address was omitted.[1]

On the other hand, the record discloses that all of the items claimed not to have been received were sent in envelopes with a return address to counsel for Ms. Cable, and that the envelopes were never returned.

Under our case law, disposition of Rule 60 motions attacking a default judgment is left to the sound discretion of trial judges, and they will not be reversed absent a showing of abuse. In re Estate of Mayes, 843 S.W.2d 418 (Tenn. Ct. App. 1992); Nelson v. Simpson, 826 S.W.2d 483 (Tenn. Ct. App. 1991). The burden of proof, however, is upon the movant to meet the requirements of the Rule. Travis v. City of Murfreesboro, 686 S.W.2d 68 (Tenn. 1985); Nelson v. Simpson, supra.

In the case at bar the address of Lowe's did not include a zip code. There is no proof from the postmaster, or the carrier which delivers mail to Lowe's, what the practice is when zip codes are missing, nor is there any proof as to how mail is received at Lowe's, nor how it is sorted thereafter.

The most reasonable explanation for all three letters not being received by Lowe's is that they met the fate – whatever that might have been – of the summons and the complaint, which were received, but thereafter "went missing."

In view of the foregoing we are unable to find that the Chancellor abused his discretion in overruling the Rule 60 motion.

In reaching our determination, we are mindful that in doubtful cases as to whether a default judgment should be set aside, trial judges should exercise their discretion favoring the application and permitting the cause to be decided on the merits. We are also mindful of the cases cited by Lowe's where a single instrument was lost, such as in Keck v. Nationwide Systems, Inc., 499 S.W.2d 266 (Tenn. Ct. App. 1973), wherein a letter sending the complaint from the local to the national office was lost either in the mail or the national office, and Tennessee State Bank v. Lay, 609 S.W.2d 525 (Tenn. Ct. App. 1980 ), where the process was issued under the Long-Arm Statute but, according to the defendant, was never received.

Before concluding as to this issue, we suggest that had the case turned on one of the mailings not being received, we might be inclined to rule otherwise, but three not being received is highly unlikely.

As to the second issue, the Chancellor, when ruling on the Rule 60 motion, made the following finding, and thereafter by order allowed the complaint to be amended :

---

[1] Lowe's brief does contain in the appendix excerpts from the Domestic Mail Manual, which details the proper way to address mail. It does not, however, shed any light on what would happen should a zip code be omitted.

The Court finds in regards to the name, that it's a very simple misnomer, there is no prejudice to anyone. Lowe's of Johnson City, Inc., is known as Lowe's, it's advertised as Lowe's of Johnson City, Inc., even in the two letters from their insurance company Lowe's is referred to by three names, Lowe's of Johnson City, Inc., Lowe's Companies, and Lowe's Home Centers, Inc. In fact, Lowe's of Johnson City, Inc. is the local Lowe's building supply store, and this is a matter of a simple misnomer that should not have and does not have any effect on these proceedings. Of course the pleadings are amended to conform with the proper name, which I understand is Lowe's Home Centers, Inc.

We believe the Chancellor acted properly in approving the amendment.

As to the third issue relative to the damages awarded, we have neither a transcript nor a statement of evidence in the record concerning the hearing conducted to assess damages. We are, therefore, unable to reach the merits of this issue, but must conclusively presume that the evidence presented justified the judgment of the Trial Court. See In re Rockwell v. Arthur, 673 S.W.2d 512 (Tenn. Ct. App. 1983).

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against Lowe's Home Centers, Inc., and its surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE