IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2002 Session

## CHELSEA ELIZABETH PIRKLE v. JUSTIN PARRISH PARKER

**Direct Appeal from the Circuit Court for Knox County**
**No. 1-519-01      Hon. Dale C. Workman, Circuit Judge**

_____

**FILED JANUARY 13, 2003**

_____

**No. E2002-01751-COA-R3-CV**

_____

The Trial Court refused to set aside the Default Judgment.  On appeal, we vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J. Joined.

Arthur F. Knight, III, Knoxville, for Appellant.

Harold C. Wimberly, Knoxville, for Appellee.

**OPINION**

        In this action, the Trial Court entered a Default Judgment against defendant, and subsequently refused to set it aside.  Defendant has appealed.

        On February 13, 2002, plaintiff filed a Motion for Default Judgment, stating that defendant had been served with process on August 22, 2001, and that no Answer had been filed.  The certificate of service on the Motion states that a copy was sent to defendant's attorney, Michael Pemberton.

        On March 15, 2002, a default judgment was entered against defendant, and the judgment recites that defendant was served with process on August 22, 2001 but had failed to answer or otherwise respond or appear.  The Court set a hearing date to assess damages on April 26, 2002.  The certificate of service on the default judgment states that a copy was sent to defendant at his home

address on Jackson Ave.

On March 27, 2002, an attorney entered a Notice of Appearance as counsel for the defendant, and filed defendant's affidavit which states that defendant resided at 301 Lippencott, and has resided there since January 2002. Further, that plaintiff also instituted a criminal action against defendant based on the alleged assault which was the gravamen of the complaint in the civil action, and further that defendant hired Michael Pemberton to represent him in the criminal matter, but Pemberton never represented defendant in the civil case. The affidavit further states that defendant was advised by Pemberton that he needed to appear in court on March 15, but defendant understood he was to be in the Criminal Court, and not the Circuit Court. Defendant states that he went to First Sessions Court on that date and waited for his name to be called, but he was not called before the Court.

Defendant further states that he later learned of the default judgment and retained counsel to represent him in the civil matter on March 20, 2002. He further stated that he had never been sued before and was unfamiliar with the process, but that if he had had notice, he would have appeared to make a defense.

Defendant also filed a Motion to Set Aside Default Judgment and Relief from Judgment pursuant to Tenn. R. Civ. P. 60, alleging that he was not served with process pursuant to Tenn. R. Civ. P. 4, and was not served with written notice of the hearing on the Motion for Default, and that his failure to appear was due to mistake, inadvertence, and/or excusable neglect. Subsequently, the Trial Court denied defendant's Motion, and held a hearing on damages, and awarded plaintiff compensatory damages of $3,000.00, and punitive damages of $2,000.00.

Tenn. R. Civ. P. 55.01 requires that "all parties against whom a default judgment is sought shall be served with a written notice of the application for judgment at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action." This is a departure from prior law, which stated that a party who had not appeared was not entitled to notice. *See Patterson v. Rockwell International*, 665 S.W.2d 96 (Tenn. 1984). This rule was amended, however, in 1996, due to the "liberal Tennessee case law allowing Rule 60 relief." *See* 1996 Advisory Commission Comments, Tenn. R. Civ. P. 55.

In this case, the Motion for Default shows on the Certificate of Service that it was served on Mr. Pemberton, defendant's attorney in the criminal matter, but it was not served on defendant. Pemberton nor any other attorney ever entered an appearance for defendant in this matter until after the default judgment was entered. Tenn. R. Civ. P. 55.01 expressly states that the party[1] "shall be served with a written notice of the application for judgment". This Court has previously held that a default judgment is improper where the defendant was not given notice of the motion for

---

[1] A previous version of this rule allowed service on the party or his representative, but the rule was amended such that it now reads that service must be had on the party. *See Herring v. Interstate Hotels*, 2000 Tenn. App. Lexis 552 (Tenn. Ct. App. Aug. 14, 2000).

default and the proposed date of the hearing on same. *Johnson v. Wade*, 2000 Tenn. App. Lexis 609 (Tenn. Ct. App. Sept. 6, 2000). *See also State ex rel. Jones v. Looper*, 86 S.W.3d 189 (Tenn. Ct. App. 2000) ("judge . . . may enter a default judgment . . . as long as proper notice of hearing on the motion is given.") The defendant in this case received neither.

Plaintiff contends that the notice to Pemberton was sufficient because Pemberton was representing defendant in the criminal matter arising from the same incident. There is no evidence that Pemberton ever represented defendant in this case. This Court has previously held that notice sent to an attorney who previously represented a party in another matter is not sufficient notice to the party. *Jarvis v. Jarvis*, 664 S.W.2d 694 (Tenn. Ct. App. 1983). We hold that service on an attorney who is not representing a party in the case before the court, is not service upon the party. In this case, while the attorney was not representing defendant in this case, he told defendant to appear in court, but the defendant mistakenly appeared in the wrong court, which would be expected due to the representation.

The Trial Court granted default judgment with no proof that the Motion was properly served upon defendant, which establishes a basis to vacate. *See First Tennessee Bank Nat. Ass'n v. McClure*, 1990 Tenn. App. Lexis 48 (Tenn. Ct. App. Jan. 31, 1990); *see also Nelson v. Simpson*, 826 S.W.2d 483 (Tenn. Ct. App. 1991) (trial court should grant relief from default judgment when plaintiff has failed to comply with required procedural safeguards).

Tenn. R. Civ. P. 55.02 states that a default judgment can be set aside for "good cause shown . . . in accordance with Rule 60.02." Tenn. R. Civ. P. 60.02 states in part that a party may be relieved from a judgment based upon "mistake, inadvertence, surprise or excusable neglect". The movant has the burden of setting forth facts sufficient to explain why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect. *Tenn. Dept. of Human Services v. Barbee*, 689 S.W.2d 863 (Tenn. 1985). The requirements of Tenn. R. Civ. P. 60.02 should be liberally construed, however, when a party is seeking relief from a default judgment, and the court should look to "whether the default was willful and . . . assess the extent to which the defaulting party's conduct has prejudiced the non-defaulting party." *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). The party seeking to set the default judgment aside should also demonstrate that he had a meritorious defense to the action. *Patterson v. Rockwell International*, 665 S.W.2d 96 (Tenn. 1984).

In this case there is nothing to show that defendant's default was culpable or willful and his affidavit states that he had a meritorious defense which he did not set forth because of the pending criminal charges. Also, there was no showing that setting aside the default judgment would prejudice the plaintiff. As this Court has previously recognized, "[i]t seems to be a universal rule that when there is a reasonable doubt as to whether a default judgment should be set aside upon proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits." *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). Accordingly, we find the Trial Judge abused his discretion in not setting aside the Default Judgment, and we vacate the Default Judgment and remand for

further proceedings consistent with this Opinion.

The cost of the appeal is assessed to Chelsea Elizabeth Pirkle.

_____
HERSCHEL PICKENS FRANKS, J.