IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 8, 2003 Session

## AMY B. SMITH v. MADELEINE FOWLER

**Appeal from the Circuit Court for Williamson County**
**No. I-01355     R.E. Lee Davies, Judge**

_____

**No. M2002-01575-COA-R3-CV - Filed July 14, 2003**

_____

Appellant, the defendant in fault, challenges the lower court's refusal to set aside default judgment. Appellant failed to file her answer timely in the trial court. Neither in the original Motion for Default nor in the response to the Motion to Set Aside did Plaintiff aver any prejudice to her other than delay. We reverse the default judgment and remand the case to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J., and PATRICIA J. COTTRELL, J., joined.

J. Ross Pepper, Nashville, Tennessee, for the appellant, Madeleine Fowler.

Stephen K. Heard and Mary B. Langford, Nashville, Tennessee, for the appellee, Amy B. Smith.

**OPINION**

Amy B. Smith, Plaintiff and Appellee, is a Tennessee resident who contracted with the Defendant/Appellant, Madeleine Fowler in a lease-purchase agreement for a thoroughbred show jumper, O'Conner, whose barn name is Zeke. Under the terms of the contract, the Defendant/Lessee was to carry certain insurance and, in the event that the option to purchase was not exercised, return the horse unharmed and in good health on or before the lease termination date, August 31, 2000. Fowler never exercised the option and returned Zeke to the Plaintiff in September of 2000. Upon examination of the horse after receipt, Smith discovered that the horse appeared malnourished. In addition, Zeke had a two-centimeter long laceration on his right hock, which eventually became infected. After several attempts at negotiation and settlement, Smith filed her complaint for breach of the lease agreement on May 23, 2001. That complaint was accompanied with a summons which was returned unclaimed on June 27, 2001. Service was attempted again, and the process server noted on the return that service had been refused July 25, 2001. On November 29, 2001, an associate

in plaintiff counsel's law firm finally effected personal service of the summons on Fowler in a courthouse in Alabama where she was also embroiled in a bitter divorce.

On January 4, 2002, having received no Answer from the Defendant, Smith filed and served a Motion for Default Judgment in Williamson County Circuit Court, alleging "that in violation of the language of the Alias Summons served upon the Defendant setting forth the time required for filing a responsive pleading and Rule 12.01 of the Tennessee Rules of Civil Procedure, the Defendant is in default and a judgment should be entered against her on all issues except damages." Prior to filing the Motion for Default, plaintiff counsel had been negotiating with the law firm of Phelps, Jenkins, Gibson and Fowler in Tuscaloosa, Alabama, in the belief that this law firm was representing Fowler's interest under the contract claim. Though the assumption was reasonable judging from the correspondence exchanged between that law firm and Plaintiff's counsel, that assumption eventually proved false. On February 8, 2002, Linda Hill with the law firm of Miller & Martin, LLP, filed an appearance and answer three days before the hearing on the Motion for Default. That answer alleged lack of subject matter jurisdiction, lack of personal jurisdiction and several other defenses to wit:

> 4. With respect to the allegations of Paragraph 4 of the Complaint, Defendant denies that she entered into a lease agreement with the Plaintiff, in her individual capacity. Defendant avers that Sugar Hill, LLC entered into a lease agreement ("Agreement") with the Plaintiff, said lease being executed by Defendant on behalf of the entity. Defendant avers that the Agreement speaks for itself. To the extent the remaining allegations constitute Plaintiff's understanding or interpretation of the Agreement Defendant denies the same.
>
> 5. With respect to the allegations of Paragraph 5 of the Complaint, it is denied that Defendant executed the Agreement in Williamson County, Tennessee. Defendant avers that she executed the Agreement on behalf of Sugar Hill, LLC in Tuscaloosa, Alabama. Further, it is denied that performance of the Agreement was made in Williamson County, Tennessee. Defendant avers that performance of the Agreement was made in Alabama. Defendant avers that the Agreement speaks for itself. To the extent the remaining allegations constitute Plaintiff's understanding or interpretation of the Agreement Defendant denies the same. Defendant denies that venue is appropriate in this court.
>
> 6. With respect to the allegations of Paragraph 6 of the Complaint, it is denied that the Defendant agreed to pay for use of the horse. Defendant avers that Sugar Hill, LLC agreed to pay, and did pay, a fee of Twenty Thousand Dollars ($20,000.00) to the Plaintiff for the use of the horse. Defendant avers that the Agreement speaks for itself. To the extent the remaining allegations constitute Plaintiff's understanding or interpretation of the Agreement Defendant denies the same.

. . . .

8.      With respect to the allegations of Paragraph 8 of the Complaint, it is admitted that the horse, O'Conner a/k/a Zeke, received an injury to his rear leg after execution of the Agreement. The remaining allegations of Paragraph 8 of the Complaint are denied.

. . . .

11.      With respect to the allegations of Paragraph 11, the Defendant admits that O'Conner suffered from minor hair loss, a condition for which the horse was being treated and a condition that existed prior to execution of the Agreement. All other allegations of Paragraph 11 of the Complaint are denied and Defendant demands strict proof thereof.

On February 11, 2002, the first of two hearings on the Motion for Default was held. On February 26, 2002, Attorney Hill filed her Motion to Withdraw as counsel in the cause and requested a continuance until such time as Ms. Fowler could obtain other counsel. On March 11, 2002, J. Ross Pepper entered an appearance as counsel for defendant. On that same day the Motion for Default Judgment was heard again. On April 4, 2002, the trial court granted judgment by default, finding "that the Court has subject matter jurisdiction, personal jurisdiction over the Defendant, that venue is proper, that service of process was sufficient and that a Default Judgment should be granted in this cause for Defendant's failure to file a timely Answer pursuant to 12.01 T.R.C.P." (footnote omitted).

On June 3, 2002, Ms. Fowler filed her Motion to Set Aside the Default Judgment. This Motion was accompanied by several affidavits. One of these affidavits was from the Plaintiff averring that she had not realized before January 9, 2002 that an Answer to the Complaint was to be filed within thirty days of November 29, 2001. She was under the impression that Tuscaloosa counsel was handling the breach of contract claim. The current counsel supplied an affidavit from himself and from Barbara Johnson, Ph.D., alleging certain emotional difficulties which may or may not have interfered with the Plaintiff's ability to make decisions regarding the defense of this claim. In her response to the Defendant's Motion and in support of the default judgment Plaintiff averred the following:

14.      The Defendant's conduct leading to the entry of the Default Judgment was willful.
15.      The Defendant's statements regarding grounds to set aside the Default Judgment are false.
16.      The Default Judgment awarded to the Plaintiff was proper, and should not be set aside.

Tennessee Rules of Civil Procedure 55.02 provides that a default judgment may be set aside for good cause shown in accordance with the provisions of Rule 60.02. The latter rule provides,

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. . . .

Tenn. R. Civ. P. 60.02.

It is well settled that a motion under Tennessee Rules of Civil Procedure 60.02 is properly addressed to the trial court's discretion. *See, e.g., Gamble v. Waters*, 197 Tenn. 470, 274 S.W.2d 3 (1954); *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn.Ct.App. 1991); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn.Ct.App. 2000). *See also Tennessee Department of Human Services v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985). Nonetheless, courts faced with a rule 60.02 motion to set aside a default judgment should construe the rule's requirements liberally. *See Nelson*, 826 S.W.2d at 485. "They should also examine the moving party's proof to determine whether the default was willful and to assess the extent to which the defaulting party's conduct has prejudiced the non-defaulting party." *Id.* (citing *Barbee*, 689 S.W.2d at 866).

In reviewing the record under these standards this Court finds no showing of prejudice to the plaintiff. Although the delay evidenced from the unsuccessful attempts at service of process and during negotiation toward settlement might suggest evasive conduct on the part of the defendant, the record does not satisfactorily establish such conduct. The Answer was filed prior to the first hearing on the Motion for Default. Although in its Order overruling the defendant's motion to set aside the default judgment the trial court stated it found defendant's excuses to be "without merit," the Order contains no finding of willful conduct on the part of the defendant. While a motion to set aside a default judgment is addressed to the sound discretion of the trial court, such a motion prompts a consideration of the equities between the parties. *Patterson v. Rockwell International*, 665 S.W.2d 96, 100 (Tenn. 1984). Trial courts should grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside. *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266 (Tenn.Ct.App. 1973); *Tennessee State Bank v. Lay*, 609 S.W.2d 525 (Tenn.Ct.App. 1980); *Nelson v. Simpson*, 826 S.W.2d 483 (Tenn.Ct.App. 1991).

The problems that prompted the trial court to grant the default judgment were brought on primarily by the neglect of the defendant and, as a condition to setting aside the default judgment, we determine that defendant should pay the costs in the trial court that have accrued prior to the appeal. Upon such payment of costs the default judgment is set aside and the case remanded for trial on the merits.

-4-

Costs on appeal are assessed to the appellee.


_____
WILLIAM B. CAIN, JUDGE