IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2003 Session

# MARY LEE DOTSON v. WILLIAM ENNIS DOTSON

**Appeal from the Chancery Court for Maury County**
**No. 02-242     Jim T. Hamilton, Judge**

_____

**No. M2002-02578-COA-R3-CV - Filed January 16, 2004**

_____

This appeal involves the dissolution of a 28-year marriage by default. The wife filed for divorce in the Chancery Court for Maury County and, after the husband failed to file a timely answer, filed for a default judgment. The trial court granted the default judgment even though the husband had filed an answer and counterclaim on the day before the hearing and later denied the husband's Tenn. R. Civ. P. 55.02 motion to set aside the default. The husband has appealed. We have determined that the trial court properly granted the default judgment but erred by refusing to later set the default judgment aside.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

M. Wallace Coleman, Jr., Lawrenceburg, Tennessee, for the appellant, William Ennis Dotson.

Kim B. Tycer, Pulaski, Tennessee, for the appellee, Mary Lee Dotson.

**OPINION**

**I.**

William Ennis Dotson and Mary Lee Dotson were married in July 1974. During their marriage they operated a satellite television distributorship in Columbia called Big Eye Electronics. The business foundered after Mr. Dotson was convicted and imprisoned for illegally selling satellite decoder boxes. Ms. Dotson claims that she and her son from an earlier marriage rebuilt the business during Mr. Dotson's incarceration by becoming a representative for another satellite system. She asserts that Mr. Dotson played no role in this new business after he was released from federal prison.

On April 18, 2002, Ms. Dotson filed a divorce complaint in the Chancery Court for Maury County. Mr. Dotson was served on the day the complaint was filed. On the same day, the trial court entered an ex parte order of protection against Mr. Dotson. Following a hearing, the trial court filed

an order of protection on April 24, 2002, enjoining Mr. Dotson from "coming about, abusing, threatening to abuse, or committing acts of violence upon" Ms. Dotson and from "coming about or contacting" Ms. Dotson at her place of business.

Mr. Dotson did not file an answer to Ms. Dotson's complaint within thirty days as required by Tenn. R. Civ. P. 12.01. On June 13, 2002, Ms. Dotson filed a motion for default judgment informing Mr. Dotson, who had since moved to Lawrenceburg to live with his brother, that the hearing on her motion would be held on July 19, 2002. Mr. Dotson retained a lawyer who filed an answer and counterclaim on July 18, 2002, and who told Mr. Dotson that he would not be required to attend the July 19, 2002 hearing.

Mr. Dotson was not in court on July 19, 2002. Soon after the proceeding commenced, the trial court directed Mr. Dotson's lawyer to contact his client and to request his presence. The lawyer talked with Mr. Dotson by telephone and then informed the trial court that Mr. Dotson would be unable to attend because he lacked a driver's license, did not own an automobile, and could not arrange for a ride to court on such short notice. The lawyer also informed the court that Mr. Dotson objected to Ms. Dotson's proposed division of the marital property and that he planned to withdraw from representing Mr. Dotson. Thereafter, the trial court granted Ms. Dotson's motion for default judgment and proceeded to adjudicate the divorce based on Ms. Dotson's evidence alone. The record contains no indication whether Mr. Dotson's lawyer participated in this hearing.

On July 22, 2002, the trial court entered its order granting the default judgment and divorce. Mr. Dotson retained a new lawyer who filed a motion to set aside the default judgment on August 12, 2002. In support of this motion, Mr. Dotson stated under oath (1) that his former lawyer had told him that he would not be required to come to court on July 19, 2002, (2) that his former lawyer telephoned him at 9:15 a.m. on July 19, 2002 advising him to come to court immediately, and (3) that he lacked transportation that would have enabled him to get to court on such short notice. The trial court conducted a hearing on August 30, 2002, and entered an order on September 12, 2002, denying the motion to set aside the default, noting that Mr. Dotson's "credibility is suspect to say the least."

## II.

Mr. Dotson first asserts that the trial court erred by granting Ms. Dotson's motion for a default judgment because he filed an answer and counterclaim on July 18, 2002 – the day before the hearing on the motion for default judgment. Despite the common misconception that filing an answer is sufficient to defeat a motion for default, filing a belated answer on the eve of a hearing on a Tenn. R. Civ. P. 55 motion does not prevent a trial court from granting a default judgment. While a trial court may, in its discretion, elect to accept a late answer, it is not required to do so. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 196 (Tenn. Ct. App. 2000).

Tenn. R. Civ. P. 55.01 permits trial courts to enter a default judgment against defendants who have "failed to plead or otherwise defend as provided by these rules." Defendants must either answer or otherwise defend within thirty days after service of the summons and complaint, Tenn.

R. Civ. P. 12.01, unless this deadline has been extended by the court or by agreement of the parties. Mr. Dotson did not answer or otherwise defend against Ms. Dotson's divorce complaint within thirty days after the complaint was served on him and made no effort to extend the time for responding to the complaint. Accordingly, he failed to plead or otherwise defend as provided by the Tennessee Rules of Civil Procedure, and therefore, the trial court properly granted the default judgment.

**III.**

Determining that the trial court had grounds to grant Ms. Dotson's motion for default judgment does not end the inquiry. We must still determine whether the trial court erred by denying Mr. Dotson's Tenn. R. Civ. P. 55.02 motion to set aside the default judgment. We have determined that the trial court should have set aside the default judgment based on the undisputed facts in this case.

Default judgments are drastic remedies that are not legally favored. *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003). Accordingly, the courts must construe the standards for relief from judgments in Tenn. R. Civ. P. 60.02(1) more liberally than they would in cases seeking relief from a judgment following a trial on the merits. *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985); *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). Among the factors that guide the court's judgment are: (1) whether the default was willful, (2) whether the defendant has a meritorious defense, and (3) whether the non-defaulting party would be prejudiced if relief were granted. *Henry v. Goins*, 104 S.W.3d at 481.

A party seeking relief from a default judgment under Tenn. R. Civ. P. 55.02 has the burden of demonstrating that it is entitled to relief. *Henry v. Goins*, 104 S.W.3d at 482; *Nelson v. Simpson*, 826 S.W.2d at 485. Accordingly, a party seeking relief must offer some basis to establish that it is entitled to relief from the default judgment on the ground of mistake, inadvertence, surprise, or excusable neglect. *Henry v. Goins*, 104 S.W.3d at 482; *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991).

The undisputed evidence supporting Mr. Dotson's motion for relief from Ms. Dotson's default judgment shows that his former lawyer told him that he would not be required to attend the July 19, 2002 hearing on Ms. Dotson's motion for default because an answer had been filed. It is also undisputed that when his lawyer called him from the courthouse on the morning of July 19, 2002, Mr. Dotson was unable to attend court because he had no driver's license and because he was unable to arrange transportation on such short notice. While his lawyer's advice is questionable, we decline to find that Mr. Dotson acted unreasonably by following his lawyer's advice. Accordingly, his lawyer's unexpected telephone summons to court amounts to surprise, and Mr. Dotson's failure to come to court was excusable in light of his transportation difficulties.

The posture of Mr. Dotson's former lawyer during the July 19, 2002 proceeding also provides a basis for granting Mr. Dotson post-judgment relief. The record does not indicate that Mr. Dotson's lawyer actively participated in the July 19, 2002 proceedings. There is every possibility that he did not because he announced to the trial court at the outset that he planned to withdraw from

representing Mr. Dotson because of a conflict of interest. The record does not reveal whether Mr. Dotson was aware prior to July 19, 2002 that his lawyer intended to withdraw from his case. To the extent that Mr. Dotson anticipated that his lawyer would represent him during the July 19, 2002 proceeding even if he was not present himself, his lawyer's sudden departure from the case placed Mr. Dotson in just the sort of quandary that Tenn. R. Civ. P. 60.02(1) is intended to remedy.

## IV.

We reverse the September 12, 2002 order denying Mr. Dotson's Tenn. R. Civ. P. 55.02 motion for relief from the default judgment and remand the case to the trial court with directions to enter an order setting aside the July 22, 2002 order granting the default judgment and for whatever further proceedings are now required. We tax the costs of this appeal to Mary Lee Dotson for which execution, if necessary, may issue.

 

 

 
                                     _____

                                     WILLIAM C. KOCH, JR., P.J., M.S.