IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 17, 2004 Session

RAYMOND LeDOUX AND WIFE, VIRGINIA LeDOUX
v.
WENDALL PIERCE

An Appeal from the Circuit Court for Maury County
No. 9873    Stella Hargrove, Judge

No. M2003-00671-COA-R3-CV - Filed August 20, 2004

This case involves a default judgment. The plaintiffs filed a civil warrant in general sessions court against the defendant for intentional infliction of physical injuries. The defendant did not appear, and the plaintiffs obtained a judgment by default. The defendant appealed to the circuit court for a trial *de novo*. The circuit court set the case for trial. On the trial date, however, neither the defendant nor his counsel appeared, and the default judgment was reinstated. The defendant filed a Rule 60.02 motion to have the default judgment set aside, based on excusable neglect. The defendant's lawyer attached his own affidavit, which explained that the lawyer was in the midst of closing his law office after thirty-eight years of practice and, in the confusion, failed to put the hearing date on his calendar. The motion to set aside was denied. The defendant now appeals. We vacate and remand to the trial court to consider whether the defendant has a colorable defense to the plaintiffs' claims and to reweigh the pertinent factors in light of that finding.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is
Vacated and Remanded

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Billy C. Jack, Columbia, Tennessee, for the appellant, Wendall Pierce.

Mark A. Free, Columbia, Tennessee, for the appellees, Raymond LeDoux and wife, Virgina LeDoux.

OPINION

On May 5, 2000, Plaintiffs/Appellees Raymond LeDoux and his wife, Virginia LeDoux (collectively "Plaintiffs"), filed a civil warrant in General Sessions Court against Defendant/Appellant Wendall Pierce ("Defendant") for the intentional infliction of physical injuries. On June 13, 2000, the matter was set for a hearing, but neither Defendant nor his counsel appeared

at the hearing. Therefore, the General Sessions Court entered a default judgment in favor of Plaintiffs, with a hearing on damages to be held at a later time. Before the hearing on damages, Defendant agreed to allow Plaintiffs to obtain a judgment in General Sessions Court for the full amount claimed, with the understanding that Defendant would appeal to Circuit Court for a trial *de novo*. Accordingly, on March 19, 2002, a judgment for $15,000, plus court costs, was entered against Defendant in General Sessions Court. On March 27, 2002, Defendant timely appealed the General Sessions judgment to the Circuit Court.

The Circuit Court case was set for trial on April 26, 2002. All parties received notice of the hearing. On the date of trial, however, the Plaintiffs were prepared to proceed, but neither Defendant nor his counsel appeared for trial. On April 30, 2002, the Circuit Court entered a default judgment against Defendant, reinstating the judgment of the General Sessions Court. A copy of the default judgment was mailed to counsel for Defendant.

On May 28, 2002, Defendant filed a motion to set aside the default judgment based on excusable neglect, pursuant to Rules 55.02 and 60.02(1) of the Tennessee Rules of Civil Procedure ("Rule 60.02").[1] Attached to the motion was the affidavit of Defendant's counsel. In that affidavit, Defendant's counsel stated that, although he had received the notice of the hearing, it was not placed on his calendar. Defendant's counsel explained that, during the month of April 2002, he was in the process of closing his law office after thirty-eight (38) years in practice, and "that in this confusion this hearing date failed to get on affiant's calendar; that during his 38 years of practice where affiant had notice of a hearing he had always appeared; that because of this excusable neglect defendant should be granted a new hearing." The affidavit asserted that there would be no prejudice to Plaintiffs by setting aside the default judgment and granting Defendant a new trial.

---

[1]Rule 55.02 provides:

> For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02.

Tenn. R. Civ. P. 55.02.

Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. . . .

Tenn. R. Civ. P. 60.02.

Defendant's motion to set aside languished for several months. On January 7, 2003, at the request of Plaintiffs, the Circuit Court entered an order to show cause, requiring Defendant to appear and show cause why his motion to set aside should not be dismissed. On February 6, 2003, the Circuit Court held a hearing on the motion. Counsel for both parties appeared and argued the motion. The only evidence submitted on the record at the hearing was the affidavit of Defendant's counsel.

On February 20, 2003, the Circuit Court entered an order denying Defendant's motion to set aside the default judgment. In that order, the Circuit Court made sixteen findings of fact:

1. The original cause of action was brought for personal injuries suffered by the Plaintiffs as the result of an alleged assault by Defendant on June 18, 1999.

2. A General Sessions Civil Summons was issued on the 5th day of May, 2000.

3. A Default Judgment was entered on June 13th, 2000.

4. Soon thereafter, counsel for Defendant contacted counsel for the Plaintiffs and an agreement was entered whereby the Default Judgment previously entered would be set aside and this matter would be set for trial. Said trial would take place on a date certain following the Defendant's criminal trial for aggravated assault against Plaintiffs.

5. After receiving notice that the General Sessions matter would be dismissed unless information was received by the Clerk's Office no later than September 30, 2001, this matter was finally set for trial on March 19, 2002.

6. On the day of trial, counsel for Plaintiffs received a phone call from Defendant's counsel informing that they would not be present at trial, to take a Default Judgment, and they would appeal said judgment.

7. Notice of Appeal was received by Plaintiff's counsel on March 29, 2002 setting this matter for a hearing in Circuit Court on April 26, 2002.

8. On the above date, Defendant nor his counsel appeared and this Court reinstated the Default Judgment previously entered by the General Sessions Court.

9. An Order of Dismissal was entered on April 30, 2002 with Certificate of Service to Defendant's counsel on the same date.

10. Plaintiff's counsel received Defendant's motion to Set Aside Judgment on May 22, 2002, but said Motion contained no notice of a hearing.

11. Plaintiff's counsel wrote Defendant's counsel on July 29, 2002, inquiring if he still represented Defendant and, if so, had his Motion been put on the court docket.

12. Plaintiff's counsel received a response from Defendant's counsel dated August 26, 2002, acknowledging that he still represented Defendant and that he would get some dates for the above Motion.

13. Plaintiff's counsel again wrote Defendant's counsel on September 5, 2002, informing that September 23, 2002 and September 25, 2002 were the next available dates for the Motion to be heard.

14. Plaintiff's counsel again wrote Defendant's counsel on October 14, 2002 informing [him] that unless a response was received within the next week, Plaintiff's counsel intended to proceed with collections pursuant to the Judgment previously reinstated.

15. Plaintiff's counsel filed an Order to Show Cause on January 7, 2003, that was heard on February 6, 2003.

16. During the two (2) plus years that this matter has been pending, a material witness, Anthony Workman, was killed in September of 2001.

Based on those findings of fact, the Circuit Court denied Defendant's motion to set aside the default judgment. From that order, Defendant now appeals.

On appeal, Defendant argues that the Circuit Court erred in denying his motion to set aside the default judgment. He asserts that many of the findings of fact upon which the trial court relied are not supported by evidence in the record. Indeed, Defendant contends, the only evidence submitted to the trial court was the affidavit of the Defendant's counsel explaining the reason he failed to appear at the April 26, 2002 trial. There being no counter-affidavit or other evidence rebutting the affidavit, Defendant argues, the trial court abused its discretion in failing to set aside the default judgment.

The sole issue in this case is whether the trial court erred in denying Defendant's motion to set aside the default judgment entered against him. We review the trial court's grant of a default judgment and its refusal to set aside that judgment under Rule 60.02 for an abuse of discretion. *Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193-94 (Tenn. Ct. App. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. Ct. App. 1993). A court will be found to have abused its discretion only when it has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)). "We note, however, that courts have expressed a clear preference for a trial on the merits. . . . As such, [R]ule 60.02 should be construed liberally in the context of a default judgment." *Watkins v. Watkins*, No. M2002-01777-COA-R3-CV, 2003 WL 23093846, at *2 (Tenn. Ct. App. Dec. 30, 2003).

The burden is on the party seeking to set aside the default judgment to show that he is entitled to such relief. *Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003); *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). In determining whether a default judgment should be set aside under one of the bases for relief in Rule 60.02, a court must determine whether one of the bases under the Rule has been met, and it must consider three factors: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted." *Henry*, 104 S.W.3d at 481. "Trial courts should grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside." *Nelson*, 826 S.W.2d at 485-86.

-4-

On appeal, Plaintiffs acknowledge that the only evidence in the record is in fact the affidavit of Defendant's counsel. Plaintiffs assert that the trial court's findings of fact were based on Plaintiffs' recitation of the communications between the attorneys, made without objection at the hearing on Defendant's motion to set aside. The chronology cited by Plaintiffs was obviously intended to convey the impression that the failure by Defendant's counsel to put the Circuit Court trial date on his calendar was part of a pattern of inattention to this matter which continued after Defendant filed the motion to set aside. However, Plaintiffs acknowledge that any letters or other documents supporting Plaintiffs' chronology of these communications was not made part of the record. The facts in the affidavit by Defendant's counsel were unrebutted in the record.

Plaintiffs argue that Defendant's counsel's neglect was not "excusable," that it resulted from mere carelessness and inattention to business, and that Rule 60.02 was not intended to grant relief in such cases. In support, Plaintiffs rely on *Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893 (Tenn. 1985), which states:

> [M]ere negligence or inattention of a party is no grounds for vacating a judgment against him. Carelessness is not synonymous with excusable neglect. Mere forgetfulness of a party to an action is not a sufficient ground for vacating or setting aside a judgment by default. Parties are not justified in neglecting their cases merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable.

*Food Lion*, 700 S.W.2d at 896 (quoting 46 Am. Jur. 2d 874-75 *Judgments* § 718 (1969)). However, the affidavit of Defendant's counsel describes a situation involving more than mere carelessness or forgetfulness. It is undisputed that the law office of Defendant's counsel was in the process of closing after thirty-eight years of law practice, and that he was served with notice of the trial date during that process. The confusion involved in closing such a longstanding law practice could undoubtedly contribute to a negligent failure to log a trial date. Such neglect was out of the ordinary course of business and is sufficient basis to conclude that the neglect was excusable, particularly in light of the fact that this evidence was undisputed. *See State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group*, 56 S.W.3d 557, 567 (Tenn. Ct. App. 2001) (a determination of whether neglect is excusable involves consideration of all circumstances surrounding the neglectful person's conduct).

Moreover, considering all of the factual findings by the trial court, regardless of whether they are supported by evidence in the record, it is clear that Defendant's failure to appear at the April 26, 2002 trial, while neglectful, was not the result of "willful" conduct. *See Henry*, 104 S.W.3d at 481.

Furthermore, Plaintiffs have submitted no evidence to rebut Defendant's claim that relief from the default judgment would not prejudice Plaintiffs' case. *See Sizemore*, 56 S.W.3d at 568; *see also Henry*, 104 S.W.3d at 482. The trial court's findings of fact indicate that a material witness was killed in September 2001. This event, however, occurred prior to the April 26, 2002 trial date at which Defendant failed to appear. On appeal, Plaintiffs conceded that the two-year delay between

the June 2000 issuance of the General Sessions Court warrant and the April 2002 Circuit Court trial date stemmed from the parties' agreement to hold the civil proceedings in abeyance until resolution of the criminal charges against Defendant. The bulk of the delay, therefore, was not attributable to inattention or neglect by Defendant or his counsel. Plaintiffs emphasize a pervasive inattention by Defendant's counsel, even after default was entered. However, the mere passage of time, in and of itself, does not establish prejudice sufficient to support the denial of a motion to set aside a default judgment. *Nelson*, 826 S.W.2d at 486. Based on the record before us, Plaintiffs have not shown that granting Defendant relief from the default judgment would result in undue prejudice to them.

Although the standard of review for a Rule 60.02 motion to set aside is abuse of discretion, we are mindful that this standard is somewhat differently applied in the case of a party who seeks relief from a *default* judgment, who requests in the first instance a trial on the merits. In the case of a default judgment, relief should be granted if any reasonable doubt exists. *Id.* at 485-86. Based on our conclusion that the neglect of Defendant's counsel was excusable, as well as the first two *Henry* factors, the willfulness of the Defendant's conduct, and the lack of prejudice to the Plaintiffs, we must conclude that such reasonable doubt exists.

The third factor to consider is whether Defendant presented at least a colorable defense to Plaintiffs' claims, sufficient to warrant setting aside the default judgment. *Henry*, 104 S.W.3d at 481; *see also Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984) (stating that, "[a]lthough it is not expressly stipulated in the rules, it is universally recognized that, as a condition to obtaining relief, the defendant, in addition to showing that his default was brought about by . . . excusable neglect, must also demonstrate that he has a meritorious defense to the plaintiff's claim . . . ."). The record contains no indication that this factor was either argued by the parties, or considered by the Circuit Court in making its decision to deny Defendant relief from the default judgment. Under these circumstances, we must vacate the decision of the trial court and remand the cause to the trial court for a factual determination of whether Defendant can present a meritorious defense. *See Bowers v. Gutterguard of Tenn., Inc.*, No. M2002-02877-COA-R3-CV, 2003 WL 22994302, at *8 (Tenn. Ct. App. Dec. 17, 2003).[2] "[T]he trial court should then evaluate all of the pertinent factors, weighing them with and against each other to obtain a proper perspective of how they apply to this case, along with the general rule that courts are reluctant to give effect to rules of procedure which prevent a litigant from having a claim adjudicated upon its merits." *Id.* at *9.

---

[2]In *Bowers*, the appellate court determined that *Henry* had established that the merits of the defense was a mandatory factor to be considered in deciding whether a default judgment should be set aside. Because the trial court in *Bowers* had made its decision before *Henry* was issued (May 13, 2003), the *Bowers* court reasoned, the issue should be remanded to the trial court to weigh the factor with the others in reconsidering whether the default judgment should have been set aside. *Bowers*, 2003 WL 22994301, at *8. Similarly, the decision in the case at bar to deny Defendant's motion to set aside the default judgment in this case was also made before the decision in *Henry* was issued.

-6-

The decision of the trial court is vacated and the cause remanded for further proceedings not inconsistent with this Opinion. Costs on appeal are to be taxed equally to Appellant Wendall Pierce, his surety, and Appellees Raymond LeDoux and wife, Virginia LeDoux, for which execution may issue, if necessary.

 

 

_____
HOLLY M. KIRBY, JUDGE