# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 2000 Session

## MARGARET ABBOTT v. ROBERTO GATEWAY, ET AL.

**Appeal from the Circuit Court for Davidson County**
No. 99C-965      Carol Soloman, Judge

_____

**No. M1999-00653-COA-R3-CV - Filed July 28, 2000**

_____

The General Sessions Court of Davidson County awarded a judgment against the defendant below, Nationwide Insurance Company, in a case involving a car accident. Nationwide filed an appeal to the Davidson County Circuit court but failed to secure a trial date within 45 days as required by Davidson County Local Rule of Practice 20(b) (1999). The circuit court dismissed the case due to Nationwide's failure, and Nationwide filed a Tennessee Rule of Civil Procedure 60.02 motion to set aside the circuit court dismissal due to its attorney's excusable neglect. When the circuit court denied Rule 60.02 relief Nationwide appealed to this court. On appeal, we reverse the decision of the circuit court finding that it should have granted Nationwide's request for Rule 60.02 relief and set aside the dismissal of Nationwide's circuit court appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Sean Antone Hunt, Nashville, Tennessee, for the appellants, Roberto Gateway, Emma Barton, and unnamed defendant/appellant, Nationwide Insurance Company.

Larry H. Hagar, Nashville, Tennessee, for the appellee, Margaret Abbott.

## OPINION

After Margaret Abbott was in a car accident in December of 1996, she brought suit in the General Sessions Court of Davidson County against Roberto Gateway a/k/a Roberto Gatewood and Emma Barton, as well as against her own uninsured motorist carrier, Nationwide Insurance Company. The case was tried on March 29, 1999 before the general sessions court which entered a verdict in favor of Ms. Abbott against Nationwide and which awarded her a judgment in the amount of $14,760.

Nationwide, Appellant in this action, filed an appeal bond with the Davidson County Circuit Court on April 7, 1999. The day after Nationwide filed this appeal bond, the Davidson County

Circuit Court Clerk's office sent a letter to Ms. Abbott's attorney informing him that the case had been appealed from the general sessions court and that it should be set for trial within 45 days pursuant to Davidson County Local Rule of Practice 20(b) (1999). Appellant's attorney, Sean Hunt, stated in an affidavit that he never received notice that the appeal had been docketed or that it had not been set pursuant to local Rule 20.

On June 7, 1999, the circuit court entered an order dismissing the appeal and reinstating the judgment of the general sessions court. In its order, the court explained that since the case had not been set for trial within 45 days, it must dismiss Appellant's appeal in accordance with Davidson County Local Rule of Practice 20(b) and Rule 41.02 of the Tennessee Rules of Civil Procedure providing for involuntary dismissals. Appellant received a copy of this order of dismissal on June 8, 1999, and the next day, June 9, Appellant filed the motion to set aside the circuit court's dismissal which is the subject of this appeal.

In its motion to set aside the order of dismissal, Appellant claimed that its counsel, Sean Hunt, had made several unsuccessful attempts to determine whether the matter was received and docketed from the general sessions court. Thereafter, Mr. Hunt mistakenly thought this matter had been set by agreement of counsel as had another of his cases and he noted this in his files. In an affidavit, Mr. Hunt stated that "[a]pparently, this mistake occurred due to confusing this case with another case which had been appealed from General Sessions Court." He asserted by affidavit that he "received no Notice from the clerk indicating that the appeal had been docketed nor any Notice from the clerk indicating that the matter had not been set pursuant to local Rule 20 and was about to be dismissed. The first indication that defense counsel had that the matter had been dismissed was receipt of the order of Dismissal on June 8, 1999, the Order being filed on June 7, 1999." In its motion to set aside the order of dismissal, Appellant sought Rules 60.02 relief for excusable neglect on the part of its counsel.

Appellee, Ms. Abbott, filed a response to the motion to set aside the order of dismissal. Appellee attached her attorney's affidavit in which the attorney asserted that he had received a notice of appeal filed by Appellant on April 1, 1999 and a letter from the circuit court clerk's office on April 9, 1999 indicating that the matter had been docketed. He stated that his only communication with Appellant's attorney was through a May 7, 1999 letter making an offer of judgment and offering to settle the case that was pending before the circuit court. Otherwise, he had not communicated with defense counsel since the time they were in general sessions court regarding the case.

The trial court also dismissed Appellant's motion to set aside the order of dismissal as well as its motion to alter or amend the judgment. On appeal, Appellant argues that the trial court erred in failing to set aside, pursuant to Rule 60.02, its order dismissing the case and in reinstating the judgment of the general sessions court entered in accordance with a Davidson County Local Rule of Court 20(b).

Tennessee Rule of Civil Procedure 60.02 permits the court to relieve a party or its legal representative from a final judgment order or proceeding due to mistake, inadvertence, surprise or excusable neglect. "The burden is upon the movant to set forth in a motion or petition and

supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980). Requests for Rule 60.02 relief "are addressed to the trial court's discretion, and thus appellate courts review decisions regarding [Rule] 60.02 relief using the abuse of discretion standard." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997).

"Dismissal is a drastic remedy when the party itself is not at fault . . . ." *Nelson v. Application Group, Inc.*, No. 01A01-9703-CV-00137, 1997 WL 706610, at *4 (Tenn. Ct. App. 1997). This court has stated that "[o]ur judicial system favors the just, speedy and inexpensive determination of every suit on its merits." *Nelson v. Simpson*, 826 S.W.2d 483, 487 (Tenn. Ct. App. 1991) (citing Tenn. R. Civ. P. 1 and *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267-68 (Tenn. Ct. App. 1973)); *see also Lay*, 609 S.W.2d at 527.

This Court has held that "[n]egligence on the part of the moving party [is] precisely the type of error a Rule 60 motion is designed to relieve." *Tate v. County of Monroe*, 578 S.W.2d 642, 644 (Tenn. Ct. App.1978); *Lay*, 609 S.W.2d at 527. Furthermore, "mistake, inadvertence, surprise, excusable neglect or misfortune of the *moving party's attorney* may be grounds for vacating a default judgment." *Lay*, 609 S.W.2d at 527 (citing *Keck*, 499 S.W.2d) (emphasis added); *see also Campbell v. Archer*, 555 S.W.2d 110 (Tenn. 1977) (granting a new trial due to attorney mistake citing Rule 60.02 law). In engaging in the fact-intensive analysis required by Rule 60.02, courts have considered several factors including the actions taken by the moving party to correct its oversight and the extent of prejudice experienced by the non-moving party due to the Rule 60.02 movant's mistaken or inadvertent conduct. *See, e.g., Simpson*, 826 S.W.2d at 486; *Lay*, 609 S.W.2d at 527-28; *Application Group*, 1997 WL 706610, at *4.

The record in the case at bar does not indicate what factors the trial court considered in making its decision to deny Rule 60.02 relief. However, upon review of the record, this court finds that the circumstances of this case support a grant of Rule 60.02 relief. It is clear that the party itself, Nationwide, has no fault here and that all the fault rests with Appellant's counsel, Mr. Hunt. *See Campbell*, 555 S.W.2d at 112-13 (noting the party's lack of fault in its decision to grant a new trial). It is also undisputed that Mr. Hunt took immediate action to correct his oversight. The day after he learned of the dismissal by receiving the order of dismissal from the circuit court, Mr. Hunt filed a motion on behalf of Appellant to set aside this dismissal. Finally, there is no evidence that the non-moving party, Ms. Abbott, will suffer any prejudice by a delayed appeal to the circuit court.

Under very similar facts, this court reversed a trial court's denial of Rule 60.02 relief in the case of *Nelson v. Application Group, Inc.*, No. 01A01-9703-CV-00137, 1997 WL 706610 (Tenn. Ct. App. 1997). As in this case, the party who lost in the general sessions court, the defendant, appealed to the circuit court but failed to secure a trial date within 45 days as required by Davidson County Local Rule 20(b) which was at that time Local Rule 19(b). The circuit court first dismissed the defendant's appeal, and, subsequently, it denied the defendant's motion to set aside that dismissal. On appeal to the court of appeals, this Court reversed the denial of Rule 60.02 relief reasoning as follows:

This Court has determined that [the defendant] did not cause its lawyer's failure to comply with Rule 19;  that the lawyer complied with Rule 19 by timely filing a motion to set;  that, under the rule, the case was due to be set;  that [the plaintiff] did not object to the motion to set and never complained of any delay in setting the case;  that [the plaintiff] will not be prejudiced by a delayed trial;  and that, under the circumstances of this case, [the defendant] should not be penalized for its lawyer's failure to promptly file an order confirming that his motion to set had been granted.

Dismissal is a drastic remedy when the party itself is not at fault, and Rule 60.02(1) relief should be granted when the lawyer realizes his oversight and takes steps to correct it.

*Id.* at *4.  Two members of the three-judge panel wrote concurring opinions clarifying that relief should not be granted every time a "lawyer realizes his [or her] oversight and takes steps to correct it," but that this was only one of many factors to consider.  See *Id.* at *4-*5 (Koch, J. and Bussart, J., concurring).  It was also pointed out that the defendant's lawyer did not comply with local Rule 19(b) as stated in the majority opinion since that rule requires the actual setting of the trial. *Id.* at*4 (Bussart, J., concurring).  However, the concurring judges agreed that the defendant was entitled to Rule 60.02 relief under the facts of this case.

Likewise, under the facts of the case at bar, we find that the trial court abused its discretion in failing to set aside the dismissal of Appellant's circuit court appeal.  Accordingly, the judgment of the trial court is reversed and this case is remanded to the circuit court so that Appellant might set the trial date in compliance with Davidson County Local Rule 20(b).  In our discretion and under Rule 40 T.R.A.P., costs on appeal are taxed to Appellant, Nationwide Insurance Company.

_____
WILLIAM B. CAIN, JUDGE