IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 13, 2005 Session

## CAROL BRACKEN ORTEN  v. THADDEUS CHARLES ORTEN

**Appeal from the Fourth Circuit Court for Knox County**
**No. 95527      Bill Swann, Judge**

**Filed August 26, 2005**

**No. E2004-02987-COA-R3-CV**

Sharon G. Lee, dissenting.

I respectfully dissent from the majority opinion.  I would hold that the trial court erred in not setting aside the entry of the default judgment against Mr. Orten.  In my judgment the evidence supports the conclusion that Mr. Orten did not intentionally fail to appear at the second Trial Management Conference, but simply forgot to appear.  Entry of a default judgment against Mr. Orten is too drastic a measure in this case.

A review of the evidence indicates that Ms. Orten filed for divorce on October 30, 2003; Mr. Orten answered and denied that grounds for divorce existed.  On February 27, 2004, Ms. Orten sent Mr. Orten interrogatories and a request for production of documents.  The discovery requests are not in the record, but from statements in Mr. Orten's deposition, it appears that among other things, records requested included cancelled checks and credit card statements for the past five years.  On April 2, 2004, when Mr. Orten's answers were two days late, Ms. Orten filed a motion to compel responses to the interrogatories and request for production of documents. There was no hearing date set for this motion.

On April 15, 2004, a Trial Management Order was entered setting a Trial Management Conference for April 19, 2004, and setting the case for trial on July 21, 2004.  This order included the language noted by the majority that both counsel and parties must be present in open court.

On April 16, 2004, an Interim Order was entered, upon motion of Ms. Orten and the agreement of the parties, which, *inter alia*, ordered Mr. Orten to move out of the marital residence within 30 days.

On April 19, 2004, Mr. Orten appeared at the first Trial Management Conference.  On that same date, the parties filed a joint property and debt listing as required by court rules. On that same date, April 19, 2004, a second Trial Management Order was entered which set a second Trial Management Conference for June 28, 2004, and left unchanged the trial date of July 21, 2004.  This

order also contained the mandatory appearance language of the first Trial Management Order. Also on April 19, 2004, an order was entered which required the parties to attend mediation.

On April 30, 2004, an order was entered from the first Trial Management Conference which provided, *inter alia*, that the trial date was still set for July 21, 2004, and ordered Mr. Orten to produce requested discovery to Ms. Orten by April 30, 2004. This order also set the date for the second Trial Management Conference for June 28, 2004, but, unlike the previous Order, it did not contain the mandatory attendance language.

Mr. Orten appeared at a discovery deposition on Friday, June 25, 2004, where he was deposed by Ms. Orten's attorney.

On Monday, June 28, 2004, the trial court commenced the second Trial Management Conference, but Mr. Orten was not present. His counsel advised the trial court:

> We did have depositions on Friday and in the course of agreeing to continue those depositions until a subsequent date, I have to assume, without having spoken to my client, I have to assume that must have caused some confusion in his mind. But I have no idea, your honor.
>
> We have sent correspondence to him. He has indicated in the past he has not received all that correspondence. It has not come back to us. So I know that I have sent him notices with respect to today's hearing, but as I have indicated, perhaps as a result of some confusion as a result of continuing the depositions, I can only imagine. Clearly this matter was set for today.

Ms. Orten's counsel requested that a default judgment issue against Mr. Orten. Mr. Orten's counsel requested the trial court issue sanctions against Mr. Orten rather than a default judgment. The trial court responded: "It is a severe blow to the husband's case, but it is one he has brought upon himself. So motion denied. I am sorry." The trial court awarded Ms. Orten a default judgment based on Mr. Orten's failure to attend the conference and his failure to comply with discovery requests. The trial court allowed Mr. Orten's counsel to withdraw from representation of Mr. Orten, and allowed Ms. Orten to present her case, in the absence of Mr. Orten and without counsel for Mr. Orten. On July 26, 2004, Mr. Orten's new attorney entered an appearance in the case.

Subsequently, an order was entered from the June 28, 2004 hearing which*, inter alia*, granted Ms. Orten a divorce, divided the marital estate, approved Ms. Orten's parenting plan, and awarded Ms. Orten alimony until her death or remarriage.

Mr. Orten filed a motion to alter or amend or, in the alternative, for a new trial. The trial court denied the motion finding that Mr. Orten was given "clear, complete and repeated" notice of the trial management proceeding and that Mr. Orten's nonappearance was consistent with his

"obstructive and defiant behavior throughout the case and constitutes a further act of passive aggression."

At the hearing on Mr. Orten's motion, Mr. Orten testified that except for the second Trial Management Conference, he had attended every scheduled divorce event - the discovery deposition, the mediation session, and the first Trial Management Conference. He did not attend the second Trial Management Conference because he forgot it was set that day. He explained to the trial court that had he remembered the hearing was set, he would have attended; that had his lawyer reminded him of the hearing, he would have been there. For all his other required appearances, his lawyer had reminded him to be there before the scheduled date. He did not recall hearing any discussion about the Trial Management Conference at the deposition. As he was leaving the deposition, his lawyer told him he would call him to remind him of the date they were getting together, but he did not receive a call that weekend.

Mr. Orten admitted that he received the Trial Management Order regarding the June 28, 2004 conference, but that it was in "stuff boxed up to move" which remained in boxes after he moved from the marital residence. He did not have the conference date written on a calendar anywhere.

Mr. Orten's discovery deposition, which was admitted into evidence, does not reveal any discussions about the upcoming second Trial Management Conference. In the deposition, Mr. Orten testified that he had not actually received the interrogatories or request for documents but had reviewed them at his lawyer's office with his lawyer's secretary. The discovery requests are not in the record, but it appears from questions asked of Mr. Orten in his deposition that he was asked to provide cancelled checks, check registers, check stubs, deposit slips, debit or credit memoranda, transaction advances and bank statements for all bank accounts he had any involvement with for the last five years. Mr. Orten did not bring these records to the deposition as requested by wife's counsel. He told her he had previously told his attorney that he did not keep those records more than a couple of months. The records involved a joint account to which the wife had access and Mr. Orten's separate account. Later in the deposition, Mr. Orten agreed that he would provide eighteen months of bank statements. When asked for five years of monthly credit card statements for Chase, Bank of America and Discover statements, Mr. Orten said he would bring the current statements but, "I am not going to go back that many years . . . there is no need to." The deposition continued on other matters and at the conclusion, wife's counsel stated that the deposition of Mr. Orten was being suspended and would be finished at a later date. She stated "if we could have those documents we asked for by the next time, it would really be helpful." Thereupon the deposition was concluded on Friday, June 25, 2005 to be completed at a date to be scheduled.

Mr. Orten's former lawyer, Mr. Wilkerson, testified by deposition that Mr. Orten had appeared at every other scheduled event in the divorce litigation - the mediation, the first Trial Management Conference on April 19, 2005, the discovery deposition on June 25, 2004, and his office appointments. When Mr. Orten did not appear at the second Trial Management Conference, Mr. Wilkerson had his secretary attempt to call Mr. Orten, but she was not able to reach him. Mr. Wilkerson testified:

3

I think Thaddeus was having a difficult time for the entire process of the divorce itself, a divorce he did not want, the process of going through and identifying properties and pay out sums of money over which he had no control, and I think that the deposition was very difficult for him. So, I see where he may have forgotten that he was required to appear on Monday, the 28th.

Mr. Orten never gave any indication to Mr. Wilkerson on Friday at the deposition that he would not appear on Monday. It is Mr. Wilkerson's policy to have his office call the day before to remind clients of appointments and court hearings. In this case, Mr. Wilkerson testified that he would have been surprised if this was done because of the depositions they were involved in on Friday. As to the discussion on Friday about the second Trial Management Conference on Monday, Mr. Wilkerson testified:

Q: Did you directly have a discussion with Mr. Orten on June the 25, 2004 about the court date, that is the Trial Management Conference on the following Monday, June the 28th?

A: I cannot say that I specifically told him or reminded him that on Monday, we were to be in court. I know there had been some discussion prior to the deposition, a discussion between Donna Smith and me, talking abut the Trial Management Conference. Mr. Orten was not a part of that discussion, although he was in the same room. After the deposition, I think we talked a little bit about the deposition. I don't remember specifically saying, "Don't forget, we'll be together first thing Monday morning." I just don't remember saying that.

Mr. Wilkerson also testified that in his opinion, Mr. Orten had a colorable defense to the alimony issue which Mr. Wilkerson deemed the most significant issue in the case.

Based upon this proof, I think it is more likely than not that Mr. Orten simply forgot to appear at the second trial management conference. Upon his wife's filing of the divorce action, he retained an attorney, filed an answer, attended a mediation session, attended a deposition, attended the first Trial Management Conference, met with his lawyer in his office to discuss the case, and filed the required joint list of property and debts. In short, he made every required appearance, except the second Trial Management Conference. I am not condoning in any sense Mr. Orten's failure to appear at the conference. Clearly, he should have followed the trial court's rules. The trial court has the difficult task of maintaining its docket so that justice is dispensed as efficiently and effectively as possible. However, given the circumstances in this case, that Mr. Orten made every other required appearance, that he was required to move from the marital home about the time he received the Order containing the date of the conference, that the order was packed in a box, that he did not have

the conference date on his calendar, that he was not reminded to attend by his attorney as he had been previously for court hearings and events, and that his lawyer did not recall discussing it with him or reminding him about the conference on the Friday during depositions - it is more likely than not that he simply forgot to attend. Mr. Orten's testimony was corroborated by the testimony of his former lawyer whose credibility and veracity were not impeached. I am not persuaded that Mr. Orten knew about the conference because his lawyer and his wife's lawyer were discussing it in the same room prior to Mr. Orten's deposition. Mr. Orten is not a lawyer and this was his first deposition. Under those circumstances, Mr. Orten should not be credited with hearing and comprehending conversations to which he was not a direct participant. It is very unfortunate that Mr. Orten did not attend the conference, but it should not be fatal to the defense of his divorce action. The action of entering a default judgment was too drastic in this case. The trial court had other less severe options which included, but were not limited to, rescheduling the conference with wife's attorney's fees assessed to Mr. Orten or proceeding with the conference in Mr. Orten's absence. Had the trial court done so, the matter very likely would have proceeded to trial on the merits with both parties having their day in court on July 21, 2004 - less than a month later. It appears that the trial court, in denying the motion to set aside the default judgment, considered whether Mr. Orten had notice of the conference, whether Mr. Orten's failure to appear was willful, and Mr. Orten's failure to respond to discovery requests. It does not appear that the trial court considered whether setting aside the default would prejudice Ms. Orten and whether Mr. Orten had a meritorious defense.

Mr. Orten made a mistake when he refused to produce credit card records and bank statements as requested by wife's counsel. It is more likely than not that Mr. Orten did not have five years or even eighteen months of these records in his possession. Clearly he should have started the process of procuring these records or filed a motion seeking relief from the trial court if the request was too burdensome. Simply refusing to provide the records was not in compliance with the rules and certainly, was not a wise course of action for Mr. Orten. It should be noted that there was never a petition for contempt filed against Mr. Orten for not producing the records. By the end of the deposition, he did agree to produce the bank records and counsel agreed to schedule a time to continue the deposition of Mr. Orten. The deposition ended harmoniously. The evidence preponderates against the trial court's conclusion that Mr. Orten's conduct reached the level of "obstructive and defiant behavior throughout the case" as described by the trial court.

Tenn. Rule Civ. P. 55.02 provides that "for good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Tenn. Rule Civ. P. 60.02 provides that the court may relieve a party from a final judgment for several enumerated reasons including mistake, inadvertence, surprise or excusable neglect, or any other reason justifying a relief from the operation of the judgment. Tenn. Rule Civ. P. 60 is aimed at striking a balance between the competing interests of justice and finality. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 231 (Tenn. Ct. App. 2000). The interests of justice are best served when lawsuits are resolved on their merits after trial. *Akers v. Bonifasi*, 629 F. Supp. 1212 (M.D. Tenn. 1984). Tenn. Rule Civ. P. 60 is construed with liberality to afford relief from a default judgment. *Tennessee Department of Human Services v. Barbee,* 689 S.W.2d 863, 867 (Tenn. 1985). Default judgments should be set aside if reasonable doubt exists as to the conduct of the defaulting party. *Nelson v. Simpson*, 826 S.W. 2d 483, 485-486

5

(Tenn. Ct. App. 1991), *March v. Levine*, 115 S.W. 3d 892, 913 (Tenn. Ct. App. 2003). If there is any doubt about whether a default judgment should be set aside, the court should exercise its discretion in favor of granting relief to allow the case to be decided on its merits. *Keck v. Nationwide Sys.*, 499 S.W. 2d 266, 267 (Tenn. Ct. App. 1973), *Reynolds v. Battles,* 108 S.W. 3d 249, 251 (Tenn. Ct. App. 2003), *Tennessee State Bank v. Lay*, 609 S.W. 2d 525, 527 (Tenn. Ct. App. 1980). Whether entry of a default should be set aside is a matter committed to the discretion of the trial court and involves consideration of these factors: (1) whether the default was the result of wilful conduct by the defaulting party; (2) whether the non-defaulting party would be prejudiced if the entry of default were set aside; and (3) whether the defaulting party has shown a meritorious defense. *Tennessee Department of Human Services v. Barbee*, at 866, *Reynolds v. Battles*, at 251. Judgment by default for failure to obey an order to provide discovery is an extreme sanction. *March v. Levine*, at 912.

After reviewing the record, I conclude that the evidence preponderates in favor of the conclusion that Mr. Orten's conduct was not willful; that Mr. Orten had a meritorious defense; and that setting aside the default judgment would not unduly prejudice Ms. Orten. Further, I conclude that the trial court abused its discretion in not setting aside the default judgment because it failed to consider the requisite factors which are the willfulness of the conduct, the effect of setting aside the default judgment on the non-defaulting party and whether the defaulting party had a meritorious defense. The record supports the conclusion that Ms. Orten would not have been prejudiced by proving her case on the merits rather than winning by default. The record supports the conclusion that these parties would have been better served with a trial on the merits rather than a default judgment at a trial management conference. For these reasons, I would reverse the decision of the trial court and remand for a trial on the merits.

_____
SHARON G. LEE, JUDGE